McCay, Judge.
1. Whatever may be the power of an Ordinary under our Constitution and laws over a guardian appointed by him and bound by the tenure of his letters to report to and obey the legal orders of the grantor of his letters, we are very clear that under the facts of this case the Ordinary of Greene county had no such power over Hitchcock. Hitchcock, after the removal of his guardianship to Hancock, became an officer of, and amenable to the Ordinary of Hancock. Whilst he was guardian he was bound to make his returns there — there was his bond — there the record x>f hi§ letters, his returns and a full record of his acts. The power of the Ordinary to call him to account turns upon the fact that he is a quasi officer of the Court, and that by coming into that Court of his own motion he had consented to its summary jurisdiction. None of this reasoning applies to the Ordinary of Greene. Pie does not ever officially know that Hitchcock ever was guardian. He does not have any bond from him, he has no record of his letters, returns, or of any of his acts. The idea of an account is to go over the records — the originals— *368 over the actual signature of the guardian, arid state the account. To do this the Ordinary must have the records, or if the guardianship has been removed, the copies adopted as originals at the removal. In this case the Ordinary of Greene called on Hitchcock to account when there was not among his records a particle of evidence that Hitchcock had ever been guardian at all, much less had he ever been an officer or appointee of the Ordinary of Greene county, or been in any respect subject to his orders. It was, however, contended on argument that on the discharge of Hitchcock by the Ordinary of Hancock, and the removal of the ward to Greene, jurisdiction over the whole guardianship, *past/ present and future, vested in the Ordinary of Greene. There is no positive law so declaring, and if this be the law, it is only because it arises from the nature of the thing, or that such a jurisdiction is necessary in order to give •effect to the right to appoint a new guardian. Is this so ? May not the Greene county Ordinary exercise every function necessary to appoint and superintend the conduct of new guardians without the power claimed for him? True, he cannot put the new guardian in possession of the effects. But he- cannot do that in any case. Even if Hitchcock were, his appointee, he could not proceed then against him as a part of his jurisdiction over the new guardian, or over the guardianship, but by notice of his having appointed Hitchcock. Can our law be that the Ordinary having present jurisdiction of a guardianship may call all previous guardians to account whenever they may have been appointed? If Jackspn should move his guardianship to Rabun, and thence to Charlton, does jurisdiction over Hitchcock follow to the Ordinary of Charlton? It seems to us that this is absurd As we have said, the only defense of the constitutionality of the law itself turns upon the fact that Hitchcock has voluntarily consented to become an appointee — a trustee — a quasi receiver of the Ordinary of Hancock county — has given him a bond, a recognizance, an obligation, upon his records, that he will account, and having so done, he is amenable to. such process as belong to that officer to compel the performance of that record undertaking. Hitchcock has not done this to the. Ordinary of Greene county, and that Ordinary has nothing upon Ms records to justify his proceeding in this way against the appointee of the Ordinary of Hancock. We do not pass positively upon the question whether the sections of the Code, authorizing the Ordinaries to hear, determine and issue execution upon questions -of account, are in accord with the Constitution. We decide that the Ordinary of Greene had no jurisdiction. Whether some •other Ordinary had, is not properly before us.
2. The mere acknowledgment of service and waiver of process *admits nothing, but puts the party in precisely the same situation as though process were annexed and service effected by the proper officer: Revised Code, 3261. One is not bound to appear, even though served before a Court having no jurisdiction. The judgment is void, and may be treated as' *369 such whenever and wherever it is sought to.be enforced: Revised Code, 3536. By appearing and pleading to the merits, jurisdiction is admitted: Revised Code, 3409. Here was no-appearance and plea, and the judgment is simply null, with nothing, not even appearance, to justify it. It is therefore illegal, the execution is illegal, the ievy illegal. This Court has on several occasions held that in such cases illegality will lie. And this, too, is recognized by the Code: Revised Code, section 3621. A man cannot be said to have had his day in Court if the Court have no jurisdiction of the matter, he having not appeared.
Judgment reversed.