### BURKS *v.* MORGAN.

The act of 1876, providing that the tax-collector of Dougherty county should be *ex officio* sheriff for the purpose of levying and collecting tax *fi. fas.* only, etc., was not obnoxious to the constitution of 1868. On this subject that constitution differs from the present one.
March 10, 1890.

Taxation. Statutes. Constitutional law, Officers. Before Judge BOWER. Dougherty superior court. April term, 1889.

Reported in the decision.

D. H. POPE, for plaintiff.

H. MORGAN and C. B. WOOTEN, for defendant.

SIMMONS, Justice.

On April 21, 1884, Burks petitioned the judge of the superior court for an order to the sheriff to put him in possession of certain real estate, and to remove Morgan therefrom, alleging that on March 5, 1879, Forrester, tax-collector and *ex officio* sheriff of Dougherty county, levied on the property under a tax execution issued by him against Morgan for his State and county tax for 1878, advertised the same according to law, and sold it on the first Tuesday in April, 1879, to Burks, and on the 4th day of the same month executed to Burks a deed thereto under said sale, as tax-collector and *ex officio* sheriff of the county, which office he then held; also that Morgan had failed to redeem the same, and said officer had failed to put petitioner in possession, his term of office having expired and his right to act as sheriff having been repealed by the legislature, and said duties having devolved upon the regular sheriff of said county. Upon this petition, the court ordered that Morgan show cause why the order prayed for should not be granted. Morgan answered said rule, and set up various reasons (which it is unnecessary to mention here) why the rule should not be made absolute. Burks traversed the answer, and on the trial offered in evidence the tax execution, with entries of levy and of sale, and the deed made thereunder, with its entry of record. These show that Forrester, as tax-collector, issued the execution on November 19, 1878, against Morgan for his State and county taxes; that it was levied on March 5th, 1879, on the property in question by Forrester, as tax-collector and *ex officio* sheriff of Dougherty county, and sold by him in the same ca-

pacity on the next sales day; that on April 4th he made, in the same capacity, a deed to Burks conveying the property, reciting the levy, advertisement according to law, and sale in conformity to said levy and advertisement. The court sustained an objection to this evidence on the ground that the sale of the property was illegal, and was done under an act which was unconstitutional; and no further evidence being offered, the court ordered a nonsuit, to which ruling Burks excepted.

The sole question to be decided in this case is, was the act of 1876, allowing the tax-collector of Dougherty county to levy and collect tax *fi. fas.*, forbidden by the constitution of 1868? That act is as follows: "That from and after the passage of this act, the tax-collector of Dougherty county shall be *ex officio* sheriff for the purpose of levying and collecting tax *fi. fas.* only, and that he shall be entitled to the same compensation for such levy and collection as the sheriffs do now receive." It was contended by counsel for the defendant in error that at the time of the passage of this act there was a general law in the code on the subject of levying and collecting tax executions; that that general law provided that tax executions should be levied and collected by the sheriff and constables of the State, and that the act under consideration was a special law, changing the general law by making the tax-collector *ex officio* sheriff, and allowing him to levy and collect tax executions. We cannot agree with counsel in this view of what the law was at the time of the passage of this act. We do not think that the constitution of 1868 prohibited the legislature from enacting laws of this kind. We have carefully read that constitution, and can find no clause therein which prohibits special acts of this sort. Counsel for the defendant in error relied upon the 26th section of the bill of rights in the constitution of 1868. That

section declares that "laws shall have a general operation, and no general law affecting private rights shall be varied in any particular case by special legislation, except with the free consent in writing of all persons to be affected thereby." We do not think this act was prohibited under that section. The main object of that section was to prohibit the legislature from passing any act, varying or changing the general law, which would affect private rights without the consent of the persons to be affected thereby. The act under consideration did not take from the sheriff or constables the right or power of levying and collecting tax executions, but simply conferred that power upon another person also. Neither the private rights of Morgan, nor those of any other tax-payer, were affected by this act. We conclude, therefore, that there was nothing in the constitution of 1868 which prohibited the legislature from passing such special or local acts. If, however, the act had been passed since the adoption of the constitution of 1877, it is very likely that the judgment of the court below declaring it unconstitutional would have been correct, and his decision would have been sustained by this court. There is a very great difference between the latter constitution and the former upon this subject.

*Judgment reversed.*