*Austin & Park* and *W. R. Hammond*, for movant.

---

## MASSEY *v.* BOWLES, sheriff.

*Simmons, C. J.*—1. The act of December 13th, 1866 (Acts 1866, p. 42), "to change the place of holding legal sales in the county of Muscogee," and the act to amend the same, approved October 10th, 1868 (Acts 1868, p. 164), were valid and constitutional laws under the constitutions of 1865 and 1868, there being nothing in either of these constitutions prohibiting the enactment of special laws in cases for which provision had been made by an existing general law. *Burks* v. *Morgan*, 84 Ga. 627.

2. These special acts not being inconsistent with the constitution of 1877, were kept of force by paragraph 4, section 1, article 12, of that instrument. Code, §5233; *Adam* v. *Wright*, 84 Ga. 720.

3. Whether the act of September 19th, 1883, relating to public sales in the county named (Acts 1882-3, p. 658), is constitutional or not, it contains nothing rendering it unlawful to hold sheriff's sales at any of the places designated in the two acts first above cited. The sale involved in the present case having been held at one of the places specified in the act of 1866, was lawful as to place.

4. The judge was authorized in finding as matter of fact that the bid which the sheriff declined to accept or cry was not authorized by the person as whose agent it was contended the bidder was acting, and hence there was no error in holding that this bid was properly rejected.

5. There was no abuse of discretion in denying the injunction.

June 26, 1896. By two Justices.    *Judgment affirmed.*

Petition for injunction. Before Judge Butt. Muscogee county. April 4, 1896.

An act of the legislature, approved December 13, 1866, provides, "That, in the county of Muscogee, all sales by sheriffs, constables, executors, administrators, guardians and trustees, may be held at any of the street corners on Broad street, between Bryan and Crawford streets, in the city of Columbus, upon giving the legal notice designating the time and place of sale." Acts 1866, p. 42.

By an act approved October 10, 1868, the foregoing act was amended by inserting the words, "or at any regular auction house between said streets." Acts 1868, p. 164.

In 1883 the legislature passed an act entitled, "An act to change the place of holding legal sales in the county of Muscogee, so as to make the 'bell-tower' a place for holding such sales, and for other purposes." It is enacted, "That the place of holding legal sales (as contemplated by section thirty-six hundred and forty-six of the code of Georgia) in the county of Muscogee shall be at the bell-tower on Broad street in the city of Columbus, as well as at such places as are now provided by law, it being the object of this act to make said bell-tower a place at which public sales may be held, without changing existing law as to holding such sales at other places; and such sales, when held at the bell-tower, are declared to be legal, so far as concerns the place of sale in said county, subject to the provisos contained in said section thirty-six hundred and forty-six of the code of Georgia." That section of the code is in these words: "No sales shall be made, by the sheriffs or coroners, of property taken under execution, but at the court-house of the county where such levy was made," etc.; the provisos of this section relating to levy and sale of certain kinds of personalty without carrying the same to the court-house door, and as to the description and location of the same in the advertisement of sale.

On November 11, 1895, the Georgia Home Insurance Company obtained judgment against Mrs. Maggie Estelle Massey for about $1,800, and the execution issuing there-

from was levied on certain realty in Columbus, which, after advertisement, was put up and exposed for sale on the first Tuesday in January, 1896, and was knocked off to Perry W. Massey, the husband of the defendant in execution, for $1,650. He failed to comply with his bid, and the sheriff readvertised the property for sale at his risk on the first Tuesday in March, 1896, "at the usual place of holding sheriff's sales in and for said county, to wit, at the northwest corner of Broad and Eleventh streets in the city of Columbus, said State and county." At the time and place so advertised, the property was again put up and exposed for sale, and was knocked off to the Georgia Home Insurance Company for $1,000. On March 21, Mrs. Massey brought her petition against the sheriff, praying for an order restraining him from making a deed to said company, that he be restrained from interfering with her possession of the premises sold; and that the sale be set aside and declared void. She contended that the place of sale was illegal, being more than one fourth of a mile from the court-house of Muscogee county, where she claimed the sale should have been held in accordance with law. It appears from the sheriff's answer (which is uncontradicted as to these allegations), that for many years all sheriff's sales in Muscogee county have been held at the places mentioned in the legislative acts before set out; that the streets formerly known as Bryan and Crawford streets are now known as Thirteenth and Tenth streets respectively, and Eleventh street is one of the streets between those two; that many years ago, due and legal notice was published by defendant's predecessor in office, designating the corner of Broad and Eleventh streets as the place of sheriff's sales in said county, and ever since all sheriff's sales and all sales by administrators and executors in said county have been held on said corner; that the sale could not have been held in front of the court-house door, for the reason that there was no court-house then in the county, the same having been

torn down in October, 1895, and not yet having been rebuilt; that the last session of the superior court was held in a building on Broad street a little over a block from where the sale was had, which place was rented temporarily by the county authorities, but no permanent place for holding court had been provided; and that the office of the clerk of the superior court was in a small building erected for the purpose on the court-house square, but no sessions of court were held therein.

The plaintiff further contends, that the property was illegally knocked off to the company bidding $1,000, when there was a bid if $1,050 made by Perry W. Massey as agent for Joseph King, an amply solvent and responsible person.    It appears from the answer and the evidence in support of it, that before the sale King had told Massey that he would give $1,000 for the property, and would allow Massey one month's rent, and then authorized Massey to bid for him $1,000 for the property.    He did not authorize Massey to bid $1,050 nor any other sum over $1,000.    He could have attended the sale, but did not want to do so.    The sale was open and fair; a large number of people were present; and this property was not offered until several other pieces of property had been sold by the sheriff at the same place, in order that all persons who might desire to purchase it might have an opportunity to attend the sale.    The sheriff cried the property a long time before there was any bid at all.    Finally the company bid $1,000, not desiring to buy the property except for the purpose of protecting its debt, and hoping that others would bid, and that the property would bring enough to satisfy the execution.    This bid was cried for a long time; no other bid was made; and the sheriff was about to knock off the property, when Massey bid $1,050.    The sheriff then called him and reminded him that he had failed to comply with his previous bid; and Massey replied that he was bidding for Joseph King, but did not say he was au-

thorized to bid so much for him. The sheriff had seen and talked with King a short time before the sale commenced; and King had said nothing to him about buying the property. Knowing that Massey was utterly insolvent and unable to pay for the property, and believing the bid, under the facts, not to be *bona fide*, the sheriff cried the property for a long time after that, and finally knocked it off to the company for $1,000. Immediately after the sale the sheriff went to see King and asked him if he had authorized Massey to bid $1,050 for the property for him, and King answered that he had not, that he had authorized Massey to bid $1,000 for him and had not authorized him to bid any more. Massey himself so admitted to the attorney of the company, at the sale.

*J. B. Pilsbury* and *Dodson & Son*, for plaintiff.
*McNeill & Levy*, for defendant.