## THORPE *v.* BUTT, ordinary, *et al.*

The act of 1872, which provided for the establishment of county courts in certain counties and for the appointment of judges thereof, and which gave those judges jurisdiction over county matters, was not unconstitutional at the time of its passage, as being a special law which changed a general law; nor was it violative of paragraph 1 of section 3 of article 11 of the constitution of 1877, which provides that whatever tribunal or officers may be thereafter created for the transaction of county matters shall be uniform throughout the State.

Argued October 21, — Decided November 25, 1898.

Petition for injunction. Before Judge Butt. Marion county. August 31, 1898.

*Simeon Blue* and *Shipp & Sheppard*, for plaintiff.
*George P. Munro* and *J. J. Dunham*, for defendants.

SIMMONS, C. J.   The ordinary of Marion county issued certain tax executions against Thorpe, a tax-collector, and his sureties. These were placed in the hands of the sheriff, who made levies thereunder.   Thorpe filed an equitable petition, seeking to enjoin the executions on the ground that the ordinary had no jurisdiction to issue the executions, as the judge of the county court had exclusive jurisdiction over all county matters.   This petition was dismissed on demurrer, and the injunction refused. The plaintiff in error insists that the judge of the county court, under the act of 1872 (Civil Code, § 4176), has exclusive jurisdiction of all county matters, and that therefore, there being a county court in Marion county, it was the duty of the county judge and not of the ordinary to issue these executions.   The defendant in error insists that, under the decision in the case of *Lorentz & Rittler* v. *Alexander*, 87 *Ga.* 444, the act of 1872, creating county courts, was a special act of the legislature in a case provided for by general law, and was therefore unconstitutional, the general law being that the ordinaries had jurisdiction of county matters in all counties where the legislature had not created a board of commissioners of roads and revenues.   He also insists that this act is in violation of paragraph 1, section 3, article 11 of the present constitution, declaring that whatever tribunal or officers may "hereafter" be created for the transaction of county matters shall be uniform throughout the State.   While it is true that this court, in the case mentioned above, did decide that the county court act of 1872 was a special law, it did not decide that it was, for that reason, unconstitutional.   At the time that act was passed there was no constitutional restriction on the legislature as to the passage of special acts in cases provided for by general law.   *Burks* v. *Morgan*, 84 *Ga.* 627.   When the act of 1872 was passed, the constitution of 1868 was in force.   That constitution did not contain the same provision as to special legislation as does the constitution of 1877.   It was competent for the legislature, at that time, to pass a special law giving jurisdiction over county matters to the county judges, and thereby change the general law which gave it to the ordinary in every county where no board of commissioners of roads and revenues had been created.

The act approved October 1, 1879, amending the act of 1872, is not unconstitutional. It simply prescribes the procedure and practice in the county courts. *Peed* v. *McCrary*, 94 *Ga.* 487. This act was passed in conformity to paragraph 1 of section 9 of article 6 of the constitution of 1877. It was not necessary for the legislature to pass such an act in regard to the tribunal or officers having jurisdiction of county matters. The law already provided for the practice and procedure of such tribunal or officer, which were uniform throughout the State.

The constitution provides that "Whatever tribunal or officers may hereafter be created by the General Assembly for the transaction of county matters shall be uniform throughout the State, and of the same name, jurisdiction, and remedies, except that the General Assembly may provide for the appointment of commissioners of roads and revenues in any county." It will be seen at a glance that this provision of the constitution applies only to those tribunals and officers "hereafter" created,— created subsequently to the adoption of the constitution of 1877. It can, therefore, not apply to officers created and jurisdiction conferred before this provision became part of the State constitution. The jurisdiction given to county judges under the act of 1872 was given at the time the act was passed and approved. It does not matter whether a county immediately availed itself of the provisions of that act or not. Whenever it did so and the county court was established under the act, the judge of that court had exclusive jurisdiction of all county matters. The act was constitutional and valid at the time it was approved, although it may not have gone into effect in Marion county for several years thereafter. When the court was established in that county as provided in the act, the act then took effect as to the county.

For these reasons we think the trial judge erred in refusing the injunction.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., and Little, J., absent.*