BENNING *et al.* *v.* SMITH *et al.*

The law contained in section 683 et seq. of the Political Code, providing for the incorporation of towns and villages, by its terms not being applicable in any event to the territory embraced in towns and villages created prior to August 26, 1872, and excluding from its operation all towns and villages containing less than twenty-five qualified voters, is not a general law having uniform operation throughout the State; and therefore it was competent for the General Assembly in 1898 to create a municipal corporation by special legislative enactment.

Argued May 30,—Decided July 22, 1899.

Petition for injunction.   Before Judge Lumpkin.   DeKalb county.   April 10, 1899.

*L. R. Brooks* and *D. W. Rountree*, for plaintiffs.
*Arminius Wright* and *Arnold & Arnold*, for defendants.

COBB, J.   The single question involved in the present case is, whether the General Assembly in 1898 had authority to pass a special act creating a municipal corporation.   It is contended that the law embraced in section 683 et seq. of the Political Code, relating to the incorporation of towns and villages, is such a general law having uniform operation throughout the State as that, under the terms of the constitution (Civil Code, § 5732), the General Assembly is prohibited from passing any special law incorporating a town or village.   It is now the settled law of this State that a statute which by its terms excludes from its operation any part of the territory of the State is not such a general law within the meaning of the constitution as to deprive the General Assembly of the power to pass special laws on the subject with which such statute deals. See opinion of Mr. Justice Lewis in *Thomas* v. *Austin*, 103 *Ga.* 701, where a number of the decisions of this court on this question are collated, and the conclusion above stated reached as a result of a review of those decisions.   Applying the rule above stated to the law now under consideration, is the same a general law within the meaning of the constitution?· Section 684 of the Political Code provides that "The towns and villages heretofore established in this State shall remain subject to the laws now in force, applicable thereto respectively; and the provisions hereinafter set forth shall be deemed appli-

cable only to towns and villages established after August 26th, 1872." In section 685 it is provided that the town or village sought to be incorporated must be one containing not less than twenty-five qualified voters; thus in effect excluding from the operation of the law every town or village in the State in which there are less than twenty-five qualified voters. It needs no argument to demonstrate that this law has not that territorial generality required to make it a general law having uniform operation throughout the State within the meaning of the constitution. Such being the case, the passage of this law did not have the effect of depriving the General Assembly of the power to pass special laws incorporating towns and villages. It is contended, however, that in *Fullington* v. *Williams*, 98 *Ga.* 807, it was ruled that the law embraced in section 774 et seq. of the Code of 1882 was not one of a general nature having uniform operation throughout the State, for the reason that it did not apply to any town or village within one mile of any city in the State; and that as that provision, which was referred to as preventing the law from being one of uniform operation, was omitted from the Code of 1895 and repealed by the act of 1897 (Acts 1897, p. 94), the law became then a general law having uniform operation throughout the State. While it is true that in *Fullington* v. *Williams* the presence in the law of the provision referred to was stated as reason for holding that the law was not a general law, there is nothing in that decision which would authorize the conclusion that the court intended to rule that that was the only provision in the law which prevented it from being a general law within the meaning of the constitution. The presence of that provision made it so manifest that the law did not have uniform operation throughout the State that it was not considered necessary, in the then condition of the law, to further examine the same or to scrutinize its other provisions; and therefore there is nothing in the ruling in that case to conflict with the ruling now made, that is, that there are other provisions in the law than the one to which attention was directed in that case, the presence of which prevents the law from having uniform operation throughout the State. The law as originally enacted fails as one having uniform op-

eration, for three reasons. One was referred to in *Fullington* v. *Williams*; attention is now called to two others. The General Assembly has relieved the difficulty growing out of the one referred to in that case, and two still remain. There may be others, but those referred to in this decision are sufficient to justify us in classing the law as being one not having uniform operation throughout the State.

There is a clear distinction between the case of *Crabb* v. *State*, 88 *Ga.* 584, and the present case. In *Crabb's* case the court had under consideration the question as to whether the act of 1885 (Political Code, §§ 1541 et seq.) commonly known as the "general local option liquor law," was a general law. In the opinion Mr. Justice Lumpkin says: "It is true that sec. 9 of this act enacts that no elections shall be held under its provisions in any county, or other place, where the sale of spirituous liquors is already prohibited by high license, local option, or other legislation, so long as these local laws remain of force; but the act, nevertheless, undoubtedly contemplates that it may operate in counties, or other localities, where prohibition existed at the time of its passage, whenever such prohibition shall cease to exist, and therefore the act may, and does, apply to every county and section of the State. . . We have seen, however, there is no county in the State to which the general local option law will not in certain contingencies, which the law itself anticipates, be applicable." In the present case no contingency can ever arise where the act in relation to the incorporation of towns and villages will become operative throughout the entire State. It could not have been in legislative contemplation that there would ever be a time in the history of this State when there would not be villages or hamlets having within their limits less than twenty-five qualified voters. There are now, and will at all times in the future be, just such collections of houses and people. It may, therefore, be safely asserted that the General Assembly did not intend that the act under consideration should ever have universal and general operation throughout the State.

*Judgment affirmed. All the Justices concurring.*