## MOORE v. HOUSTON COUNTY.

The act of March 2, 1875 (Acts of 1875, p. 286), fixing the compensation of the treasurer of Houston county at a stated amount, was valid at the date of its passage, there being nothing in the constitution of 1868 prohibiting the enactment of special laws in cases for which provision had been made by an existing general law. The act in question, not being inconsistent with the constitution of 1877, was kept of force by the terms of that instrument.

Argued March 13,—Decided April 13, 1907.

Complaint.  Before Judge Felton.  Houston superior court. April term, 1906.

*R. N. Holtzclaw,* for plaintiff.

*A. C. Riley, H. A. Mathews,* and *C. E. Brunson,* for defendant.

COBB, P. J.  In 1875 the General Assembly passed a special act fixing the compensation of the treasurer of Houston county at $400 per annum (Acts of 1875, p. 286).  At the date of that act the constitution of 1868 was of force, and there was no inhibition in that instrument against the passage of special laws where the subject had been theretofore dealt with by a general law.  *Thorpe* v. *Butt,* 106 *Ga.* 52.  The act was therefore valid at the date of its passage.  The contention is that the act was repealed by the constitution of 1877.  While special legislation of the character of the act of 1875 is no longer permissible since the constitution of 1877 went into effect, still a previous valid special law was not repealed by the adoption of that constitution.  *Massey* v. *Bowles,* 99 *Ga.* 216.

*Judgment affirmed.  Fish, C. J., absent.  The other Justices concur.*