## VARN *v.* CHAPMAN (two cases).

1. Failure of counsel for the plaintiff in error to refer in his brief to an assignment of error amounts to an abandonment of the same.
2. Where a defendant in attachment, at the time it was issued and levied, resided in the county where it was returnable, but prior to the filing of the declaration changed his domicile to another county, the court wherein the attachment was pending did not have jurisdiction to render a general judgment against the defendant, he not having appeared and made defense, nor replevied the property levied upon.
3. In such a case, a written acknowledgment, made after the filing of the declaration, of due and legal service of notice of the pendency of the attachment and of the proceedings thereon, did not amount to a waiver of jurisdiction as to the defendant's person.
4. On the trial of the traverse to the grounds of the attachment, after the plea to the jurisdiction had been stricken, the court erred, under the facts of the case, in instructing the jury as follows: "If, at the time the conveyance [a deed of gift from the defendant to his wife and children] was made, it appears that some portion or all of this indebtedness [alleged to be due plaintiff by defendant] was then in existence, and it further appears that the defendant is insolvent, then the law presumes that the conveyance was made for the purpose of defeating that indebtedness. If you find that is true, then you will find in favor of the plaintiff and against the traverse."
5. Where a plea to the jurisdiction of the court to render a general judgment against the defendant in attachment was, on the trial, stricken by the trial judge, and the Supreme Court holds that he erred in so doing, the defendant can not subsequently urge defenses to the merits of the case without waiving the objection to such jurisdiction.

JANUARY 9, 1912.

Attachment. Before Judge Conyers. Jeff Davis superior court. December 20, 1910.

*H. A. King* and *W. W. Bennett,* for plaintiff in error.

*F. Willis Dart,* contra.

FISH, C. J.   On September 26, 1908, an attachment was issued in favor of Chapman against Varn, on the ground that defendant was a fraudulent debtor.   In the petition for attachment it was alleged that the defendant was a resident of Jeff Davis county.   On the 30th day of the same month the attachment was levied on a described parcel of land situated in the county of Jeff Davis.   The attachment was returnable to the February term, 1909, of the superior court of that county.   At that term and on February 22, the plaintiff filed his declaration in attachment, and on the succeeding day the defendant acknowledged "due and legal service" of notice by plaintiff of the suing out and levying of the attachment, and of the filing of the declaration.   Defendant, on February 23, and at the same term of the court at which the declaration was filed, entered a plea to the jurisdiction of the court, in so far as plaintiff sought in his declaration to recover a general judgment; in which plea it was in effect set up that at the time of the filing of the declaration, and at the time of the acknowledgment of notice by the defendant, he did not reside in Jeff Davis county, but in the county of Appling, Georgia, and that therefore the superior court of Jeff Davis county had no jurisdiction to render a general judgment against him, but that the jurisdiction for such purpose was in the superior court of Appling county.   During the term to which the attachment was returnable, and on February 26, 1909, the defendant filed a traverse to the attachment, in which he not only denied the truth of the grounds of the attachment but also specifically denied all the allegations of the petition for attachment as to the indebtedness claimed by the plaintiff to be due him by the defendant.   The case went to trial at the September term, 1910; and at that term the defendant moved to dismiss the plaintiff's case, in so far as it was sought therein to obtain a general judgment against defendant, upon the ground that it appeared from the declaration that at the time of the filing of the same and of the service of notice the court was without jurisdiction to render a general judgment against defendant.   The declaration alleged:   "that A. B. Varn was, at the date of issuing, levying, and filing of the attachment herein referred to, a resident of said State and county [Jeff Davis], but is now a resident of Appling county, Georgia."   The court, on motion of the plaintiff, struck the plea to the jurisdiction, and overruled the defendant's motion to strike from the declaration

so much thereof as sought to recover a general judgment against him. An answer to the declaration was filed by the defendant at the trial term, one paragraph of which was, on motion of the plaintiff, stricken by the court. The substance of the answer is not now material. The traverse was first separately tried. A verdict was rendered against the traverse. The court in the main case di- rected a general verdict in favor of the plaintiff against the defend- ant for given amounts as principal and interest, as alleged in the petition for attachment and in the declaration to be due and owing to the plaintiff by the defendant, with a special lien in favor of the plaintiff for such amounts on the property attached; and judgment was entered in accordance with this verdict. The defendant moved for a new trial as to the traverse, which motion was overruled. The defendant, in a direct bill of exceptions, assigned error upon the rulings of the court in striking his plea to the jurisdiction, and in refusing to dismiss so much of the declaration as sought a gen- eral judgment; and also excepted to the direction of a general ver- dict against him. He subsequently filed another bill of exceptions, in which error was assigned upon the overruling of his motion for a new trial as to the traverse. No point of practice as to the suing out of the two writs of error has been made.

1. Counsel for plaintiff in error, in the brief filed in this court, does not refer to the assignment of error as to the striking of the portion of the answer to the declaration, and such assignment must therefore be considered as abandoned.

2. In such brief it is insisted that the trial court erred in strik- ing the plea to the jurisdiction, in overruling the motion to strike so much of the declaration as sought a general judgment, and in directing a general verdict in the main action, upon the ground that all such rulings were erroneous for the one reason that, under the facts of the case, the court was without jurisdiction of the defend- ant's person, and that for such reason no personal or general judg- ment could be rendered against him. Therefore the question here raised is whether, under the facts of the case, the court had juris- diction of the defendant's person, so that a general judgment might be rendered against him. The ground of the attachment was that the defendant had conveyed, by deed of gift to his wife and chil- dren, a described parcel of realty liable for the payment of his debts, for the purpose of avoiding the payment of the same; and

was based upon the provisions of the Civil Code, § 5088. A judge of the superior court of the circuit wherein such debtor resides, if qualified to act, and if not, the judge of an adjoining circuit, may grant an attachment on such grounds, to be issued in the usual form and directed as usual, and which shall be executed as existing laws provide, and subject to existing laws as to traverse, replevy, demurrer, and other modes of defense (Ib. § 5090). And such attachment, when issued and served, shall be returned and disposed of as attachments are now returned and disposed of, and be subject to the same defenses (Ib. § 5092). The general rule governing the return of attachments returnable to the superior court is that they shall be returned to the next term of such court of the county where the defendant resides (Ib. § 5063). When the attachment is returnable to the superior court, the plaintiff shall file his declaration at the first term, and the subsequent proceedings shall be in all respects the same as in cases where there is personal service (Ib. § 5102). "The plaintiff, his agent, or attorney at law may give notice in writing to the defendant of the pendency of such attachment and of the proceedings thereon, which shall be served personally on the defendant by the sheriff, his deputy, or a constable of the county to which said attachment is returnable, by giving him a copy of said notice at least ten days before final judgment on said attachment, and returning said original notice with his service entered thereon to the court in which said attachment is pending, which being done, the judgment rendered upon such attachment shall have the same force and effect as judgments rendered at common law; and no declaration shall be dismissed because the attachment may have been dismissed or discontinued, but the plaintiff shall be entitled to judgment on the declaration filed, as in other cases at common law, upon the merits of the case" (Ib. § 5103). "The defendant may appear by himself or attorney at law, and make his defense at any time before final judgment is rendered against him" (Ib. § 5104). "In all cases of attachment the defendant may traverse the truth of the affidavit in relation to the ground upon which the attachment issued, at the return of the attachment; and if said attachment is returnable to the superior court, the issue formed upon such traverse shall be tried by a jury at the same term, unless good cause is shown for a continuance; and if the final verdict upon such issue shall be in favor of the

defendant, said attachment shall be dismissed at the cost of the plaintiff" (Ib. § 5106). "No traverse of the plaintiff's attachment, affidavit, or other proceeding of the attachment shall delay judgment on the declaration where personal service has been perfected, but judgment may be had thereon, subject to the rules of the common law, as well before the trial of the issue made on the attachment proceedings as afterward" (Ib. § 5107). It appears, therefore, that an attachment may become a sort of dual proceeding, that is, one quasi in rem in its nature, wherein only a judgment against the property seized in attachment can be rendered; and another, which is of a somewhat supplemental character, wherein by personal notice served upon the defendant, as provided by statute, a general judgment may be obtained against him as in a suit at common law. No general judgment can, however, be obtained unless the defendant be notified in accordance with the statute, or unless he appears and makes defense, or replevies the property levied upon. The attachment in the present case was properly issued, was levied upon described realty as the property of the defendant situated in the county of his then residence, and was returned to the superior court of the county where he then resided. So no question could be raised as to the jurisdiction of the court as to the property seized. Did the court at the time of the filing of the declaration in attachment have jurisdiction of the defendant's person? The plea challenging the jurisdiction of the court over the defendant's person, and which was stricken by the court, set up that after the issuance and levy and return of the attachment, which was in September, 1908, and before the declaration was filed in February, 1909, the defendant had removed from Jeff Davis county, where he resided when the attachment was issued and levied, to Appling county, in this State, where he has since retained his domicile. Where it is sought to obtain a general judgment against the defendant after the filing of the declaration, the service of the notice provided by the statute is in the nature of a new or supplemental proceeding; and in order that such a judgment may be rendered, the court must then have jurisdiction of the defendant's person. The service of such notice of pending proceedings quasi in rem in the manner prescribed takes the place of an ordinary suit and service of process. The statute, in requiring a written notice to be given to the defendant of the pendency of the attachment and the proceed-

ings thereon, which notice "shall be served personally on the defendant by the sheriff, his deputy, or a constable of the county to which said attachment is returnable," clearly contemplates that the defendant, at the time of the service of such notice, shall be a resident of the county where the attachment has been returned; for, if the defendant did not then reside there, neither the sheriff, his deputy, nor a constable of that county would have any authority to serve him with the notice. The constitution of this State provides that all civil cases, other than in certain instances, shall be tried in the county where the defendant resides. They must of course, therefore, be brought in such county. The proceeding to obtain a general judgment against the defendant in attachment, by giving him the statutory notice, does not fall within any of the exceptions specified in the constitution to the general rule. The seizure under attachment of the defendant's property is not process or notice which will authorize the rendition of a general judgment against him. The statute prescribes the notice to be given in lieu of process. From what has been said, we are quite clear in our conclusion that the court had no jurisdiction of the defendant's person at the time of the filing of the declaration, in which it was sought to obtain a general judgment against him, and that it was error to strike the plea to the jurisdiction.

3. No notice of the pendency of the attachment and the proceedings thereon was served upon the defendant, but he acknowledged "due and legal service" of such notice prior to the time of filing his plea to the jurisdiction. If the court had no jurisdiction of the defendant's person at the time the declaration was filed, the acknowledgment of notice of its filing would not amount to a waiver of jurisdiction. *Jackson* v. *Hitchcock,* 48 *Ga.* 491 (2); *Hartsfield* v. *Morris,* 89 *Ga.* 254 (15 S. E. 363). See also, *Moss* v. *Burch,* 99 *Ga.* 94 (24 S. E. 865), and cit.; *Shearouse* v. *Morgan,* 111 *Ga.* 858 (36 S. E. 927).

4. On the trial of the traverse the court gave the following instruction to the jury: "If at the time the conveyance [the deed of gift made by the defendant to his wife and children to the realty levied upon] was made, it appears that some portion or all of this indebtedness [the sums alleged by the plaintiff to be due him by the defendant on certain promissory notes] was then in existence, and it further appears that the defendant is insolvent, then the

20

law presumes that the conveyance was made for the purpose of defeating that indebtedness. If you find that is true, then you will find in favor of the plaintiff and against the traverse." This was excepted to in the motion for a new trial. The instruction was erroneous for two of the reasons assigned: because (1) there was no evidence that the defendant was insolvent at the time he made the conveyance, and (2) the financial condition of the defendant at the time of the trial would not necessarily affect the validity of the conveyance, but his insolvency at the time the voluntary conveyance was executed is what would render it fraudulent and void.

We deem it unnecessary to specifically deal with any of the other grounds of the motion for a new trial, it being sufficient to say that none of the errors therein assigned, except as they are included in what is said above, were of sufficient materiality to require the grant of a new trial.

5. The defendant, in his traverse, not only denied the grounds of the attachment, that is, that he had conveyed his property liable for the payment of his debts, for the purpose of avoiding the payment of the same, but also denied specifically the various paragraphs of the petition for attachment, in which the nature and amounts of the various indebtedness were alleged to be owing by him to the plaintiff. He also, in his answer to the declaration, pleaded to the merits of the case. The filing of such traverse and answer, in which defenses to the merits of the case were set forth, would not of itself amount to a waiver of his plea to the jurisdiction of the court to render a general judgment against him; for such traverse and answer would be considered as filed subject to the plea to the jurisdiction. Nor would the fact that the defendant, after the striking of such plea, upon the trial of the traverse, submitted evidence to sustain his answer in denial of the indebtedness alleged to be due the plaintiff, amount to a waiver of his plea to the jurisdiction. The defendant, however, can not insist upon his plea to the jurisdiction and have it sustained, and then plead to the merits, without subjecting himself to the jurisdiction of the court so as to enable it to render a personal judgment against him. In other words, as we have held that his plea to the jurisdiction of the court to render a personal judgment against him was good and should not have been stricken, he can not hereafter stand on his defense to the merits of the case without

waiving his objection to such jurisdiction and authorizing the rendition of a personal judgment against him.

*Judgment reversed on both bills of exception. All the Justices concur, except Hill, J., not presiding.*