### ASKEW *v.* MELVIN.

1. The irregularities in the procedure in attachment, relative to references to the defendants as individuals or as a firm, were not such as to furnish ground for an affidavit of illegality after judgment.

2. Where a promissory note provided that the amount should be paid in certain installments, and that if any installment should fall due and not be paid immediately, all the other installments should become due and collectible, under the ruling in *Crow* v. *American Mortgage Co.*, 92 *Ga.* 815 (19 S. E. 31), a judgment rendered on such a note by the court having jurisdiction of the case, without a jury, was not void and subject to attack by affidavit of illegality on the ground that the court can only so render a judgment on an unconditional contract in writing, where there is no defense.

3. Under the ruling in *Treutlen* v. *Smith*, 54 *Ga.* 575, there was no error

in overruling the demurrer to the affidavit of illegality in so far as it set up want of jurisdiction in the superior court of Calhoun county.

(a) The grounds of differentiation urged as existing between that case and the present one on the point mentioned are not well taken.

(b) On request to review and reverse the ruling there made, a sufficient number of Justices do not concur in so doing, and that decision stands.

4. None of the other grounds of the affidavit of illegality are meritorious, and all should be stricken except as to the question of jurisdiction above mentioned. Direction is given accordingly, with costs of bringing the case to this court and in this court awarded to the plaintiff in error.

DECEMBER 15, 1915.

Affidavit of illegality of execution. Before Judge Cox. Calhoun superior court. December 11, 1914.

E. B. Askew and Pope & Bennet, for plaintiff.

W. I. Geer, for defendant.

LUMPKIN, J. Several of the grounds of the affidavit of illegality were aimed at certain irregularities in the proceeding. The affidavit made to obtain an attachment alleged that E. E. Stone and L. V. Stone, doing business under the firm name and style of Stone & Son, were indebted to the plaintiff, Askew, in the sum of $425, and that Stone & Son were "causing their property to be removed beyond the limits of the county and State." The attachment bond given by the plaintiff was payable to E. E. Stone and L. V. Stone. The writ of attachment commanded the sheriff to seize so much of the property of E. E. Stone and L. V. Stone as would make the sum of $425. This was levied upon certain property, the entry not stating as whose property it was levied on. A replevy bond was given, which named E. E. Stone and L. V. Stone as principals, and E. M. Melvin and J. P. Whittaker as sureties. It recited a levy on the property as that of E. E. Stone and L. V. Stone. It was signed, E. E. Stone & Son, E. M. Melvin, and J. P. Whittaker. The attachment was made returnable to the December term, 1910, of Calhoun superior court, and this was recited in the replevy bond. The plaintiff filed a petition which partook somewhat of the nature of a declaration in attachment, and somewhat of the nature of an ordinary suit on a note, but which was termed on its face a "declaration in attachment," and recited that it was filed at the first term of court, though it also prayed process against E. E. Stone and L. V. Stone and Stone & Son, and for judgment against them and against the sureties on

the replevy bond. The note, of which a copy was attached to the declaration, was signed by E. E. Stone and L. V. Stone, and showed that it was payable in installments, and contained a provision that if any installment should become due and not be paid immediately, each and all of the other installments should become due. Process was issued, and an entry of personal service on E. E. Stone, L. V. Stone, and Stone & Son was made.

1. That there was irregularity in these proceedings can not be doubted; but irregularities in sometimes referring to the firm, and sometimes to the individuals composing it, and a lack of a full description of the property levied on, were amendable defects, and if the judgment rendered was otherwise valid, and rendered by a court of competent jurisdiction, they would not furnish ground for an affidavit of illegality. Under the act as it stood in Prince's Digest, 31, it was declared that an attachment not issued in accordance with its terms should be void, and under this law the case of *Birdsong* v. *McLaren*, 8 *Ga.* 521, was decided. Now the law is more liberal in allowing amendments to cure defects. Civil Code (1910), §§ 5706, 5681. The property having been replevied, and the bond reciting that it was levied on as that of E. E. Stone and L. V. Stone, the failure of the entry to state as whose property it was seized did not furnish ground for affidavit of illegality.

2. Judgment was rendered by the court without a jury; and the affidavit of illegality attacked this as void, because it was contended that the note was a conditional contract. Civil Code (1910), §§ 5660, 6295. Under the ruling in *Crow* v. *American Mortgage Co.*, 92 *Ga.* 815 (19 S. E. 31), the note being for a certain sum payable in installments, and the only condition being as to the time when some of the installments might be due, or whether the time for their payment was accelerated by non-payment of installments (the note providing that if any installment should not be paid, all should become due), the judgment was not void, even though it might have constituted an erroneous exercise of jurisdiction. As to attachment cases see *Parham* v. *Potts-Thompson Liquor Co.*, 127 *Ga.* 303 (4), (5) (56 S. E. 460); *Daniel* v. *Hochstadter*, 73 *Ga.* 144.

3. One of the principal contentions set up by the affidavit of illegality was to the effect, that the defendants in attachment re-

sided in Laurens county when the suit was brought, and since; that the superior court of Calhoun county was without jurisdiction to render the judgment; and that this was not waived. The judgment was rendered by the court against E. E. Stone and L. V. Stone and Stone & Son and the sureties on the replevy bond. The affidavit of illegality was filed by one of the sureties alleging that his property had been levied on. It was contended for the defendant in error that this was an effort to go behind the judgment after service, which could not be done by affidavit of illegality, and that the affiant was concluded by the judgment. In *Treutlen* v. *Smith,* 54 *Ga.* 575, it was held, that where the defendant resided in this State, and in a county different from that in which an attachment against him was returned, and where he had a valid legal defense against the debt on which the attachment was predicated, and where he replevied the property levied on, but did not appear in court or plead to the merits, or have his day in court, an affidavit of illegality was a good defense to an execution against him and his sureties, founded on the replevy bond, and levied on his property, and he could go behind the judgment on such replevy bond. In the opinion it was said (pp. 576-7): "The replevy of the cotton was equivalent to notice and service; but it did not bind the defendant to appear at a court which had no jurisdiction of his person. He was forced to replevy to get possession of his property, and the fact that he did replevy gave the court no jurisdiction of his case." We think that this case in principle is substantially controlling on the point now under consideration, and that the allegations of the affidavit of illegality make it applicable. See also *Varn* v. *Chapman,* 137 *Ga.* 300 (73 S. E. 507).

It was contended that in the report of the case cited it did not appear that the papers in the attachment proceeding indicated on their face the court to which they were returnable, while in the present case this did appear. We do not think that this affected the decision in that case. In fact an examination of the record on file in the office of the clerk of this court shows that the attachment papers, including the replevy bond, in that case did state the court to which the attachment was made returnable, and we can not assume that the court overlooked that fact. Nor can we concur with the argument of counsel by which they sought to distinguish that case from this.

The declaration or petition which was filed was somewhat peculiar, apparently seeking to combine some of the elements of a declaration in attachment with those of an ordinary common-law suit. The two can not be thus combined so as to secure the advantages appertaining to each. A declaration in attachment can be filed during the term to which the attachment is returnable. It does not have to be filed a given length of time before the term, as in cases of ordinary petitions. It does not have to pray process. Indeed, it has been said that there is no law for its doing so. The laws relating to defaults in failing to plead or answer at the time when the docket is called do not apply to it. In an attachment suit a defense may be filed at any time before judgment. Civil Code (1910), § 5104. The two things are too dissimilar to mingle into one and obtain the advantages which might accrue to each separately. *Fincher* v. *Stanley Electric Mfg. Co.*, 127 *Ga.* 362 (56 S. E. 440).

We must treat the declaration or petition which was filed either as a declaration in attachment or as a common-law suit upon the note, or as neither, and can not treat it as both, although upon certain conditions prescribed by statute the plaintiff in attachment may proceed for a common-law judgment. If it was not a declaration in attachment, then apparently none was filed, and there could be no judgment in attachment. If it was a declaration in attachment, the plaintiff can not obtain by it all of the benefits of a common-law action returnable to the next term of court, filed in due season in advance thereof, with allegations as to jurisdiction, prayers for process, and the incidents appertaining to such a suit. Process was prayed against E. E. Stone, L. V. Stone, and Stone & Son, and was served on them. None was prayed against the sureties on the replevy bond, and they were not served; yet judgment was taken against the defendant and the sureties above named, for the amount of the note. The affidavit of illegality was filed by one of the sureties upon whose property it was alleged that a levy had been made. The petition or declaration termed itself a "declaration in attachment," and we will so treat it. Considered as an ordinary declaration in attachment, the filing of it and service upon the defendants might perhaps be equivalent to service of the statutory notice, but (under the decision cited above) would not fix the jurisdiction in the court of a county which

would otherwise have none. We have been asked to review and overrule the case of *Treutlen* v. *Smith,* supra, if we deem it controlling in the present case; but the necessary number of Justices do not concur in so doing. Nor, when considered in the light of the facts involved in it, do we consider it necessary to discuss the facts of other cases cited by counsel, which it was contended were not in harmony with it, or furnished grounds for differentiation.

It was accordingly not erroneous to overrule the demurrer as to the grounds of the affidavit of illegality which attacked the jurisdiction of the superior court of Calhoun county.

4. The ground that the affidavit to obtain the attachment did not show that the debt was due was not good. Civil Code (1910), §§ 5074, 5066. That, after replevy of the property, judgment is not entered against it, but against the defendants in attachment and their sureties, furnishes no good ground for an affidavit of illegality. Civil Code (1910), § 5113. A plea to the jurisdiction can not be filed in a suit after judgment therein has been rendered. It had been so rendered here.

There were twenty-four grounds of the affidavit of illegality. Some contained repetitions in various forms of the matters above discussed. Some included in one ground reference to several matters. None of them were meritorious except in so far as they attacked the judgment for want of jurisdiction in Calhoun superior court to render it. All the rest of the allegations, except those relevant to the subject of jurisdiction, should be stricken (including the plea filed after judgment) ; and direction is given accordingly. As to the allegations attacking the jurisdiction of Calhoun superior court, the demurrer was properly overruled. Costs of bringing the case to this court and in this court are awarded in favor of the plaintiff in error.

*Judgment affirmed, with direction. All the Justices concur.*