### 15363.  BAILEY v. KENNETT.

BELL, J. 1. The term of a court to which an attachment should be returnable is determined by the date of the issuance of the attachment, where it is followed by a timely seizure. There is no law in this State requiring the execution and return of the writ to be made by the levying officer for any particular time before the return term specified in the writ. Where an attachment was issued on April 12, 1923, returnable to a term of the superior court convening on the third Monday in May thereafter, which was May 21, and a seizure was made and the writ returned by the levying officer on May 2, the May term was the return term of the proceeding. Civil Code (1910), §§ 5063, 5076, 5102, 5104; *Varn* v. *Chapman,* 137 *Ga.* 300 (2) (73 S. E. 507); *Watters* v. *O'Neill,* 151 *Ga.* 680 (108 S. E. 35); *National Bank of Brunswick* v. *Pritchard,* 4 *Ga. App.* 46 (3) (61 S. E. 841); *Irvin* v. *Howard,* 37 *Ga.* 19 (7).

(*a*) The court did not err in refusing to dismiss the attachment proceedings because the writ was not executed longer before the term specified in the attachment as the return term.

(*b*) The verdict and judgment for attorney's fees were not illegal upon the sole ground urged, that the attachment writ was not duly returned to the May term of the court as specified in the notice given to the defendant under section 4252 of the Civil Code, in reference to such fees. The record does not raise the question as to whether such fees are recoverable where the plaintiff seeks only a judgment in rem.

2. Where, upon the death of the sheriff of the county of Monroe, the county commissioners of that county appointed another to serve temporarily and until a successor to the deceased sheriff could be lawfully elected and qualified, and where the appointee made oath and gave bond for the faithful performance of his duties under the temporary appointment, his subsequent execution of an attachment by a seizure was not invalid merely because he "had not received his commission from the Governor of the State of Georgia, but had only taken oath and given bond." This is true irrespective of whether in such a case it is necessary for a commission to be issued by the Governor to the appointee in order to complete his qualification. Assuming that the qualification of the appointee was incomplete without such commission, his acts were yet valid as those of an officer de facto. Civil Code (1910), §§ 258, 277; *Crawford* v. *Howard,* 9 *Ga.* 314 (2); *Gunn* v. *Tackett,* 67 *Ga.* 725 (1); *Stephens* v. *State,* 106 *Ga.* 116 (2) (32 S. E. 13); *Strickland* v. *Strickland,* 24 *Ga. App.* 200 (1) (100 S. E. 230). It is not insisted that the vacancy was not filled temporarily by the proper authorities. See Ga. L. 1872, p. 446; Civil Code of 1863, § 285 (5); Civil Code (1910), §§ 4904, 4976, 4978; *Thorpe* v. *Butt,* 106 *Ga.* 52 (31 S. E. 793).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 24, 1924.

Attachment; from Monroe superior court—Judge Persons. January 12, 1924.

*A. M. Zellner,* for plaintiff in error.

*Jones, Park & Johnston, A. Melrose Lamar,* contra.