## YORK *v.* THE STATE.

484

No. 8247.   MARCH 11, 1931.

*Walter A. Sims,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw,* and *John H. Hudson,* contra.

HINES, J.   York was a councilman of the City of Atlanta. He was indicted for violating section 18 of the act of 1874, which created a charter for the City of Atlanta. This section is as follows:   "It shall not be lawful for any member of the general council to be interested, either directly or indirectly, in any contract with the said City of Atlanta, the Mayor and General Council, or any one or more of them, having for its object the public improvement of the city, or any part thereof, or the expenditures of its moneys. Any violation of this section by any member of the general council shall, on conviction thereof, be punished as prescribed in section 4310 of the Code of this State."   Acts 1874, pp. 116, 120; Code of Atlanta (1924), § 60.   The defendant demurred to the indictment, upon the grounds, among others, that (a) the above section of the charter of Atlanta violated par. 26 of art. 1 of the constitution of 1868, which declared that "Laws shall have a general operation, and no general law affecting private rights shall be varied, in any particular case, by special legislation, except with the free consent, in writing, of all persons to be affected thereby; and no person under legal disability to contract is capable of such

free consent" (Code of 1873, § 5018) ; (b) said section violates art. 3, sec. 7, par. 8, of the constitution of this State, which declares that "No law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof;" and (c) said section violates art. 3, sec. 4, par. 5, of the constitution of 1868, which declared that "Every bill before it shall pass shall be read three times and on three separate days in each House, unless in cases of actual invasion or insurrection. Nor shall any law or ordinance pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof."

■ The first attack upon the constitutionality of section 18 of the act granting a charter to the City of Atlanta is based upon the contention that said section is a special law enacted in a case for which provision has been made by an existing general law, in violation of par. 26 of art. 1 of the constitution of 1868. The alleged general law to which reference is thus made is section 23 of the act of August 26, 1872 (Acts 1872, p. 16), entitled "An act to prescribe the manner of incorporating towns and villages in this State." This act was codified in the Political Code of 1895, §§ 684 et seq. It was omitted from the Code of 1910. It is found in 1 Park's Code, §§ 855(b) to 855(bb), inclusive. The provision of that act with which we are dealing is found in 1 Park's Code, § 855(aa), and it was codified from section 23 of the act of 1872. It provides "That no person holding office under any municipal corporation shall, during the time for which he was elected or appointed, be capable of contracting with such corporation for the performance of any work which is to be paid for out of the treasury, nor shall any person be capable of holding or having any interest in such contract, either by himself or by another, directly or indirectly." In *Benning* v. *Smith*, 108 *Ga.* 259 (33 S. E. 823), this court held that the act of 1872, contained in the Political Code of 1895, §§ 684 et seq., providing for the incorporation of towns and villages, was not a general law having uniform operation throughout the State, and that it was competent for the General Assembly in 1898 to create a municipal corporation by special legislative enactment. This ruling was followed in *White* v. *Atlanta*, 134 *Ga.* 532 (68 S. E. 103). If, under the above rulings, section 23 of the act of 1872 was a special law, then it was compe-

tent for the legislature in 1874 to enact the provision of the act of that year with which we are dealing. There is nothing in the constitution either of 1868 or of 1877 prohibiting the legislature from passing two special laws both containing the same subject-matter. But it is not necessary for this court, under the facts of this case, to decide whether the above decisions make the above section of the act of 1872, which upon its face seems to be a general law, a special law. The present case can be decided without any ruling on this point; and for this reason we do not pass upon this question. The act of 1874 was passed when the constitution of 1868 was in force. There was nothing in that instrument which prohibited the legislature from passing a special act in any case for which provision had been made by an existing general law. The only provision in the constitution of 1868 bearing upon this subject is found in par. 26 of art. 1 of that constitution, which is set out above. This court has held that this provision of the constitution of 1868 did not prohibit the legislature from passing a special law in a case for which provision had been made by an existing general law. *Burks* v. *Morgan,* 84 *Ga.* 627 (10 S. E. 1096); *Massey* v. *Bowles,* 99 *Ga.* 216 (25 S. E. 270); *Murray* v. *State,* 112 *Ga.* 7 (37 S. E. 111).

The act of 1874 did not affect any private rights of the defendant, which could not be varied by special legislation. Both by the common law and by this statute of 1874 the defendant had no right to commit the acts with which he is charged in the indictment in this case. His conduct was prohibited both by the common law and by this statute. *Montgomery* v. *Atlanta,* 162 *Ga.* 534, 546 (134 S. E. 152, 47 A. L. R. 233), and cit. By the constitution of 1877 (art. 12, sec. 1, par. 3, 4), it is provided that "All laws now of force in this State, not inconsistent with this constitution and the ordinances of this convention, shall remain of force until the same are modified or repealed by the General Assembly;" and that instrument likewise provides that "Local and private acts passed for the benefit of counties, cities, towns, corporations, and private persons, not inconsistent with the supreme law, nor with this constitution, and which have not expired nor been repealed, shall have the force of statute law, subject to judicial decision as to their validity when passed, and to any limitations imposed by their own terms." Civil Code (1910) §§ 6604, 6605. By these provisions

the act of 1874, creating a charter for the City of Atlanta, and section 18 of said act, were preserved until repealed or modified, and, not having been repealed or modified, are still of force; and the attack upon its constitutionality is without merit.

■ The act of 1874 is further alleged to be unconstitutional and void because it violates the provision of the constitution of 1877 which declares that "No law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof." The section of this act with which we have been dealing does not contain any such matter. Besides, the act of 1874 was passed before the adoption of the constitution of 1877, and was no way affected by the above provision of that constitution. It is not complained that it violated any provision of the constitution in force at the time of its passage.

■ Again, the constitutionality of the act of 1874 is attacked upon the ground that it violates art. 3, sec. 4, par. 5, of the constitution of 1868, which declared that "Every bill before it shall pass shall be read three times and on three separate days in each House, unless in cases of actual invasion or insurrection. Nor shall any law or ordinance pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof." This contention is based upon the proposition that the body of the act of 1874 contains matter different from what is expressed in its title. The caption of this act is "An act establishing a new charter for the City of Atlanta." It is urged that section 23 of this act, which is fully set out above, is matter different from what is expressed in the title of the act. Under the above caption the act could embrace any matter which could properly be placed in the charter of the city. Clearly this section contains such matter as is proper in the charter of a city. Under the title of this act the General Assembly could confer upon the city authorities any power which the constitution does not prohibit it from conferring upon a municipality, and could enact any provision for the conduct of its municipal officers. *Mayor &c. of Americus* v. *Perry,* 114 *Ga.* 871, 876 (40 S. E. 1004, 57 L. R. A. 230). In *Baugh* v. *LaGrange,* 161 *Ga.* 80 (130 S. E. 69), it was held that under a title, "An act to create a new charter for the City of LaGrange in the County of Troup," provisions authorizing the mayor and council in their discretion to grade, pave, macada-

mize, and otherwise improve the travel and drainage of the sidewalks, streets, squares, public lanes and alleys of the city, and prescribe methods of procedure by which said powers could be exercised, could be inserted in the body of the act. So we are of the opinion that the act of 1874 does not offend the above provision of the constitution of 1868.

None of the other grounds of demurrer to the indictment are dealt with in the brief of counsel for the defendant; and for this reason we treat them as abandoned.

Applying the principles above announced, the court did not err in overruling the demurrer to the indictment.

*Judgment affirmed.* *All the Justices concur.*