WILLIAM A. REID, plaintiff in error, *vs.* CLINTON C. TUCKER, defendant in error.

An attachment for purchase money, under section 3293 *et seq.* of the Code, cannot be levied, by garnishment or otherwise, on property other than that described in the affidavit.

Attachment.   Garnishment.   Before Judge BARTLETT. Putnam Superior Court.   September Term, 1875.

Reported in the decision.

WILLIAM A. REID, by brief, for plaintiff in error.

No appearance for defendant.

WARNER, Chief Justice.

On the 25th of January, 1875, the plaintiff sued out an atment, under the provisions of the 3293d section of the Code, against the defendants, on a debt alleged to be due for the purchase money of a certain described mule in the possession of defendants, and also summoned W. A. Reid, as garnishee, to answer what he was indebted to the defendants, or either of them, or what property or effects of them, or either of them, he had in his hands.   Before answering, the garnishee moved the court to dismiss the garnishment on the ground that there was no authority to issue it in that proceeding.   The court overruled the motion to dismiss the garnishment.   The garnishee then answered that he was indebted to one of the defendants $80 00, and judgment was rendered against him for that amount.   The garnishee then made a motion for a new trial on the ground that the court erred in overruling his motion to dismiss the garnishment and in rendering judgment against him as such garnishee, which motion the court overruled, and the garnishee excepted.

The only question made here was whether an attachment issued in behalf of a creditor, whose debt is created by the purchase of property under the before recited section of the

Code, can be levied on any other property than that described in the plaintiff's affidavit by summons of garnishment or otherwise? In our judgment it cannot, inasmuch as the statute expressly declares that it shall *only* be levied on the property described in the affidavit. This being an extraordinary and summary remedy given by the statute for the collection of this particular class of debts, it should be strictly construed.

Let the judgment of the court below be reversed.