## BIRD *v.* SPARKS, receiver.

1. Where a servant sues his master for a personal injury resulting to him in consequence of the failure of the master to keep in proper repair dangerous machinery in connection with which the servant is required to perform labor, and it appears from the evidence of the plaintiff that, though the master was, in the respect alleged, negligent, the real proximate cause of the injury sued for was to be found in the negligence of the servant in undertaking to perform the service required of him in a manner and by the use of means expressly prohibited by the master in his instructions to the servant, of which instructions the servant was fully notified, the responsibility for the resulting injury rests upon the servant and not upon the master; accordingly, in such a case the court did not err in awarding a nonsuit.

2. The provisions of the pleading act of 1893, as to the time within which defenses to actions shall be filed, are not applicable to answers or pleas filed by a receiver appointed under a creditors' bill, in resistance to claims set up by intervening

creditors of the defendant whose property the receiver is undertaking to administer.

Argued February 19,—Decided March 22, 1897.

Action for damages. Before Judge Felton. Bibb superior court. November term, 1895.

*Smith & Jones*, for plaintiff.

*Hall & Hardeman*, for defendant.

SIMMONS, Chief Justice.

The Georgia Southern & Florida Railroad Company had been placed in the hands of a receiver by order of court. Bird was a brakeman and car-coupler employed by the receiver to work upon a freight-train, and was injured in the act of coupling two freight-cars. He filed his intervention to recover damages for the injury so received. He alleged that there was a defect in the bumper of one of the cars he attempted to couple; that the cross piece had become disarranged from too heavy pressure, and that it was too low to couple to the other car; that the link was crooked so that it could not be lifted to enter the bumper of the higher car to which the coupling was to be made; that he was free from negligence; and that the receiver was negligent in furnishing this defective coupling apparatus. Bird testified in substance to the facts set out in his intervention, that he used proper and reasonable care in attempting to make the coupling, that it was in the night and he could not see the defect in the coupling apparatus before he attempted to perform his work, and that by reason of the defect in the apparatus he was injured. He testified further that the rules of the company required him to use a coupling stick whenever it was his duty to make a coupling, that such a stick had been furnished him, but that he did not know where it was at the time he was injured; he had been notified of the rules of the company requiring him to use this stick, and he had given his receipt for the stick; that in place of the stick furnished him by the company he used a

piece of an axe-helve which he had picked up; that if he had used the stick furnished by the receiver he would not have been injured, but that he thought the axe-handle as suitable for the purpose as the stick furnished by the receiver. On this state of facts the trial judge granted a nonsuit, and Bird excepted.

1. The court was right in granting the nonsuit. The master of the employee had instructed the latter not to attempt to couple cars without the stick furnished him. In direct disobedience of these instructions he did attempt to make a coupling without the stick so furnished; and according to his own testimony, if he had not done this he would not have been hurt. This was the proximate and main cause of his injury, although the testimony shows that the employer was negligent in that he furnished defective machinery. The responsibility for the injury received rests, therefore, upon the servant and not upon the master, and the former was not entitled to recover for the injury.

2. It appears that the intervention was filed in April, 1895, and in February, 1896, Sparks, the receiver, filed his plea thereto, denying the allegations set out in the intervention. A motion was made by counsel for Bird to strike this plea, because it was not filed at the first term at which the intervention was filed. He insisted that the pleading act of 1893 requires all pleas to be filed at the first term. The court refused to strike the plea, and upon this ruling error was assigned. We think that the court rightly refused to strike the plea in question. The pleading act does not apply to interventions by creditors where a person or corporation has been placed in the hands of a receiver under a creditors' bill. Where this is the case and a creditor files an intervention, it is not compulsory on the receiver to file his plea or defense at the first term of the court at which the intervention was filed.

*Judgment affirmed. All the Justices concurring.*