*Frank S. Loftin* and R. D. *Jackson,* contra.

FINCHER *v.* STANLEY ELECTRIC MANUFACTURING COMPANY.

In an attachment case the plaintiff is not entitled to a judgment against the attached property without proof of his demand, even though his declaration in attachment may set forth his demand in orderly and distinct paragraphs, consecutively numbered.

Submitted July 18, 1906.—Decided January 17, 1907.

Attachment. Before Judge Reagan. Butts superior court. November 23, 1905.

An attachment was sued out and levied, and the plaintiff filed a declaration in attachment, properly paragraphed. No traverse or defense was filed. When the case came on for trial, counsel for the plaintiff submitted evidence showing that without their knowledge or consent, and without payment of their fees, the parties had made a settlement of the case. Proof was made as to what would be reasonable attorney's fees for counsel for the plaintiff, but no further evidence was submitted to establish the alleged indebtedness to the plaintiff. The verdict was for a stated sum in favor of the plaintiff, for the use of his attorneys, as attorney's fees. The defendant made a motion for a new trial, on various grounds, which was granted, and the plaintiff excepted. The bill of exceptions states that the sole question presented for adjudication and determined by the court below was as follows: "When a suit in attachment is properly sued out and levied upon property of defendant in attachment, and thereafter, and within the time fixed by law, declaration in attachment is duly filed, setting forth a cause of action founded upon contract, or quantum meruit, and that decla-

ration is properly paragraphed, and defendant in attachment files no plea or answer to the declaration in attachment, is it incumbent [on plaintiff] in attachment to introduce proof and establish the contract declared on? · Upon the trial of said case . . the judge decided, on his own motion, that inasmuch as no plea or traverse had been filed, no evidence establishing the contract was necessary to be introduced. The effect of the judgment . . granting a new trial was to hold that it was necessary to introduce evidence to establish the contract sued upon."

*Curry & Duke, J. D. Kilpatrick,* and *R. R. Arnold,* for plaintiff. *Y. A. Wright, J. W. Moore,* and *George Gordon,* for defendant.

EVANS, J. The controlling question in this case is whether the pleading act of 1893, as contained in the Civil Code, § 4961, is applicable in all respects in cases of attachment in those courts where a declaration in attachment is required to be filed. Civil Code, § 4960, is as follows: "All suits in the superior courts for legal or equitable relief, or both, shall be by petition to the court, signed by the plaintiff or his counsel, plainly, fully, and distinctly setting forth his charge, ground of complaint and demand, and the names of the persons against whom process is prayed." Section 4961 provides that "All such petitions shall set forth the cause of action in orderly and distinct paragraphs, numbered consecutively; and any averment distinctly and plainly made therein, which is not denied by the defendant's answer, shall be taken as *prima facie* true, unless the defendant states in his answer that he can neither admit nor deny such averment because of the want of sufficient information." Reading these two sections together, it is clearly inferable that the latter section was intended to apply only to suits begun by petition, where process was prayed against the defendant, calling upon him to answer the several allegations in the plaintiff's petition, by way of denial or admission; or, in the event the defendant could neither admit nor deny any averment, because of want of sufficient information, to apprise the plaintiff that proof would be necessary to sustain such averment. The beneficent design of the section is to formulate the issues at the appearance term, so that at the trial term the time of the court will not be frittered away by proving uncontested facts. It implies that the plea should be filed at the first term; and even before the practice act of 1895 (Civil Code, §§ 5069 et seq.) it was held that where no

demurrer, plea, or answer was filed at the appearance term, none could be subsequently filed without opening the default. *Moses* v. *Kittle,* 103 *Ga.* 806. It was decided, soon after its passage, that this enactment did not apply to petitions for certiorari; for the reason that no plea or answer was to be filed in such cases. *Royal* v. *McPhail,* 97 *Ga.* 457. For the same reason the provisions of this section are inapplicable to answers or pleas filed by a receiver appointed under a creditors' bill, in resistance to claims set up by intervening creditors of the defendant, whose property the receiver is undertaking to administer. *Bird* v. *Sparks,* 100 *Ga.* 616. And in *Hudson* v. *Hudson,* 119 *Ga.* 637, it was held that the provision of the code that the defendant must admit, deny, or explain why he does not admit or deny each paragraph, under penalty of having the allegations in the petition treated as prima facie true, relates to the answer to the original petition, and not to pendente lite amendments. The inapplicability of § 4961 in the instances just cited rests upon the construction that the statute only dispenses with proof of the plaintiff's cause of action as set out in the petition where the defendant is served with process requiring a specific answer to each allegation in the petition.

The procedure in attachment suits materially differs from that of an ordinary action of law. The levy of the attachment is the commencement of the suit (*Baker* v. *Aultman,* 107 *Ga.* 339); but the beginning of the ordinary suit is the filing of the petition. In attachment cases where there has been no personal written notice to the defendant under the Civil Code, § 4557, the constructive service resulting from seizure of his property precedes the filing of the declaration, whereas in ordinary suits a copy of the declaration itself, with process attached, is in the first instance served upon the defendant in one of the modes provided by law for such service. In attachment suits the defendant may appear and make his defense at any time before final judgment is rendered. In the ordinary suit, where proper service has been had, the defendant must make his defense at the first or appearance term. If, therefore, the terms of section 4961 limit it to suits begun by petition wherein process is prayed against the defendant, and a copy of the petition is to be served before the appearance term, and the defendant is required to make answer to the petition at the first term, or thereafter be concluded, then it could have no application to the pro-

cedure in cases of attachment, where neither process is prayed nor the filing of the declaration antedates the service, and where the defendant has no notice, at the time of the constructive service upon him by seizure of his property, of the nature or character of the plaintiff's demand.

But it is contended that the Civil Code, § 4556, which provides that "When the attachment has been returned to the proper court, the subsequent proceedings shall be in all respects the same as in cases where there is personal service," amounts to an express declaration that the practice and procedure in attachment cases shall be the same as in ordinary suits where there is personal service. This section of the code was the statute law of this State long anterior to the enactment of the pleading act of 1893. Manifestly it was intended to relate to the mode of trial, making up issues, empaneling a jury, and procedure usually incident to the trial of an ordinary case. It could hardly be contended that this section would authorize a judgment in personam against a defendant in an attachment case where there has been no service upon him other than by levy, and where he does not appear and plead to the merits. However desirable it may be that there should be general uniformity in pleading, that result can only be attained by legislative enactment; and where a statute is so framed that it can not be made applicable to all classes of cases, it must be confined to such as come under its terms. We do not think the act is applicable to pleading and practice in attachment cases.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent, and Beck, J., disqualified.*