## 3783. STEPHENS v. BARNES.

RUSSELL, J. 1. It was not error to dismiss the certiorari. Where the answer does not verify the allegations of error made in the petition,. and no steps are taken to perfect the answer, the superior court can,. of its own motion, dismiss the certiorari. *Southern Ry. Co.* v. *Leggett,* 117 *Ga.* 31 (43 S. E. 421). "Points made in the petition for certiorari, but not verified by the answer of the magistrate, are not properly before the court for decision." *Ridgway* v. *Bryant,* 8 *Ga. App.* 564 (70 S. E. 28).

2. A certificate by the justice of the peace that "true copies of all the proceedings in said cause are herewith sent up" is not a verification of the correctness of the statements contained in the petition for certiorari. *Southern Ry. Co.* v. *Leggett,* supra.      *Judgment affirmed.*

DECIDED SEPTEMBER 24, 1912.

Certiorari; from Richmond superior court—Judge Hammond. September 30, 1911.

*I. S. Peebles Jr., T. F. Harrison,* for plaintiff in error.

*J. S. Watkins,* contra.

---

## 3819. DOCTOR SHOOP FAMILY MEDICINE Co. v. CLIFFORD.

RUSSELL, J. While parol evidence is inadmissible to alter or vary the terms of a written contract, still it is admissible for the purpose of explaining the true meaning of any portion of a written contract which is of itself unintelligible or ambiguous. The court in this case did not err in permitting evidence explanatory of what was meant by the stipulation in the present contract, under which the plaintiff agreed to furnish, in addition to the articles which were the subject-matter of purchase, "all advertising matter that goes with an order of this size." The superior court did not err in overruling the certiorari.

*Judgment affirmed.*

DECIDED SEPTEMBER 24, 1912.

Certiorari; from Columbia superior court—Judge Hammond. September 26, 1911.

*Isaac S. Peebles Jr.,* for plaintiff.

*John T. West,* for defendant.