## WILLIAMSON *v.* WILLIAMSON *et al.*

GILBERT, J. Where the only ground upon which an attachment was issued is abandoned, no judgment can be rendered against the sureties on the replevy bond. There being no ground for the attachment, the bond given to dissolve such attachment is void. The giving of such bond is not an appearance in the attachment case, so as to make valid a judgment entered up on the bond against the sureties. The judgment is wholly void, and a surety may make and file an affidavit of illegality in resistance to a levy upon his property under an execution founded on the judgment. Illegality is the proper defensive remedy; and therefore the court did not err in refusing to grant an injunction. Civil Code (1910), § 5311; *Hart* v. *Lazaron,* 46 *Ga.* 396; *Maund* v. *Keating,* 55 *Ga.* 396; *Planters Bank* v. *Berry,* 91 *Ga.* 264 (18 .S. E. 137); *Park* v. *Callaway,* 128 *Ga.* 119 (4) (57 S. E. 229); *Harrell* v. *Davis Wagon Co.,* 140 *Ga.* 127 (78 S. E. 713). On the question of whether the judgment against the security was void, see *Neal* v. *Gordon,* 60 *Ga.* 112, and the admirable opinion of Powell, J., in *C., N. O. & T. P. Ry. Co.* v. *Pless & Slade,* 3 *Ga. App.* 400, at p. 403 (60 S. E. 8). The power of the court to render judgment against the defendant in attachment is not questioned. Civil Code (1910), § 5121; *Thompson* v. *Wright,* 22 *Ga.* 607; *Walter* v. *Kierstead,* 74 *Ga.* 18; *King* v. *Randall,* 95 *Ga.* 449 (22 S. E. 683); *Woodbridge* v. *Drought,* 118 *Ga.* 671 (45 S. E. 266).          *Judgment affirmed. All the Justices concur.*

No. 3337. December 15, 1922. Rehearing denied February 16, 1923.

Petition for injunction. Before Judge Hardeman. Emanuel superior court. June 5, 1922.

*Arthur W. Jordan,* for plaintiff.

*Herrington & Durden,* for defendants.

### UPON MOTION FOR REHEARING.

RUSSELL, C. J. The decision in this case was rendered before my accession to the bench, but the motion for a rehearing comes before me.

A motion for rehearing should not be granted merely to review a case carefully considered; and certainly not unless it appears that this court has overlooked some matter either of law or of evidence, the consideration of which would very likely induce the court to change its original judgment. Upon consideration of the motion for a rehearing in this case it appears that the agreement of counsel, which movant insists was overlooked, was carefully considered, though it was not deemed necessary to refer to the same in the decision.                    *Rehearing denied.*