## 18290.  CALINET v. HARE & CHASE OF ATLANTA INCORPORATED.

The writ of attachment in this case was not signed at all, and when the defendant made his special appearance and moved to dismiss the attachment and the two garnishments based thereon because the attachment was not signed, the trial court erred in allowing the plaintiff to amend the writ nunc pro tunc by attaching the proper officer's name to the writ of attachment as of the date on which the attachment proceedings were filed, and in overruling the defendant's motion to dismiss.  It follows that the judgment of the superior court denying the certiorari was error.

DECIDED JULY 26, 1927.

Certiorari; from Fulton superior court—Judge Humphries.  June 6, 1927.

*Candler, Thomson & Hirsch, W. B. Cody,* for plaintiff in error.

*Hooper & Hooper,* contra.

LUKE, J.  On September 16, 1926, Hare & Chase of Atlanta

Attachment, 6 C. J. p. 188, n. 21; p. 190, n. 54.

Incorporated brought attachment proceedings in the municipal court of Atlanta against J. M. Calinet, and on the following day the summons of garnishment based thereon was duly served. On October 23, 1926, the defendant appeared specially and moved to dismiss the attachment, with the garnishments based thereon, "because said attachment is not signed by the proper officer of court as required by the statute, but said attachment is left blank." On December 16, 1926, the plaintiff moved that "said attachment be amended nunc pro tunc, the signature of said deputy clerk being added thereto by amendment as of the date of 16 day of October, 1926." This amendment was allowed and ordered filed. Judgment was later rendered against the defendant, and it was ordered that designated sums be recovered of the two garnishees. The appellate division of the municipal court of Atlanta affirmed the judgment of the trial court; and, on certiorari, the judge of the superior court sustained the judgment of the last-mentioned court. Exception was duly taken to this judgment.

"The writ of attachment is purely a creature of statute, and is confined to common-law actions." *Tenn. Fertilizer Co.* v. *Hand*, 147 *Ga.* 589 (95 S. E. 81). A proceeding by attachment is a suit. *Fincher* v. *Stanley Electric Mfg. Co.*, 127 *Ga.* 364 (56 S. E. 440). Since the levy of the attachment is the commencement of the suit, and constructive notice of it (*Fincher* case, supra), the writ bears some resemblance to the process attached to an ordinary suit. Viewing it in this light, it is strenuously contended that the case of *Myers* v. *Griner*, 120 *Ga.* 723 (48 S. E. 113), where the copy process was signed and the original process was not signed, and the defect in the original process was held amendable, is authority sustaining the right to amend the writ in this case. It may also be stated here that it has also been held that where the original process is complete, and the copy process lacks the signature of the clerk, the defect in the copy process may be cured by amendment. See *Harris* v. *Taylor*, 148 *Ga.* 663 (98 S. E. 86). On the other hand, in the case of *Nicholas* v. *British America Assurance Co.*, 109 *Ga.* 621 (34 S. E. 1004), it was held that where no process is attached to the petition, the defect is not amendable. In reaching this conclusion, the court freely admitted that an irregular or defective process could be

cured by amendment, but cited section 5693 of the Civil Code (1910), to show that a void process could not be amended. This case is relied on as authority for holding the writ in the case at bar void. To what extent these authorities bear upon the case at hand we do not say. It may be noted, however, that in the two cases first cited in this connection, a complete process was attached either to the original petition or to the copy petition, and there was something to amend by, while in attachment proceedings there is only a single writ.

It has been said that a writ of attachment issued at the beginning of a suit is a preliminary execution, depending for its ultimate efficacy upon the rendering of the judgment in favor of the plaintiff. See Goepper v. Phoenix Brewing Co., 115 Ky. 708 (74 S. W. 726). An attachment is a mesne process, and never becomes final until after judgment. It must be returned to a court, and procedure is provided for a hearing and disposition of the case in court. Watters v. O'Neill, 151 Ga. 684 (108 S. E. 35). Certainly in Georgia, both in form and effect, a writ of attachment closely resembles an ordinary execution. Viewing it in this light, the words of Justice Lewis in discussing a mortgage foreclosure on realty in Rawles v. Jackson, 104 Ga. 593 (30 S. E. 820, 69 Am. St. R. 185), appear applicable. They are: "The execution in this case, while made out by a clerk, was not signed at all; and if there is any omission which would render such a process void, it seems to us that a failure of the proper official to sign the paper would have this effect." We think the writ of attachment was void in the case at bar. We quote from Leffler v. Union Compress Co., 126 Ga. 666 (55 S. E. 927): "An attachment can be levied either by a seizure of visible property or by garnishment. In attachment cases, the summons of garnishment can only issue after the writ of attachment, and the executing officer derives his power of serving the summons from the attachment writ. Civil Code, §§ [5094, 5074]. Service of the summons of garnishment serves the purpose of a levy of the attachment on the funds or property in the hands of the garnishee. Civil Code, § [5079]. If the attachment writ be void, then its levy would be of no legal effect, whether the levy be made in the one way or in the other. The judgment against the garnishee who fails to answer follows as a judicial sequence from the antecedent attach-

ment proceedings, and if such proceeding be void, the judgment based thereon is necessarily void."

In this case the writ of attachment was void and not amendable, and the trial court erred in allowing the amendment and overruling the motion to dismiss. It follows that the judgment of the superior court, denying the certiorari and affirming the judgment of the lower court, was reversible error.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*