18651. BOLTON *v.* KEYS.

DECIDED SEPTEMBER 1, 1928.

*Porter & Mebane,* for plaintiff in error.

*F. A. Cantrell, J. H. Paschall,* contra.

BELL, J. On August 27, 1923, a judgment was rendered in favor of Moses Keys and against J. R. Bolton. The defendant's property being levied upon, he filed an affidavit of illegality which the court struck in its entirety, and the defendant excepted. The affidavit was as follows: "Affiant has never had his day in court, was never served with any process or other notice of the pendency of the suit

whereon said execution is based, nor did he waive jurisdiction, nor did he appear in or defend said suit. Affiant further says that on or about the —— day of January, 1923, he removed his home, family, and place of residence from Gordon county, Georgia, where he had formerly resided, to Lindale, in Floyd county, Georgia, where he has resided since said date until the present time, and that on the 5th day of July, 1923, affiant signed the following acknowledgment of service in the suit of Moseŝ Keys v. J. R. Bolton, in Gordon county superior court, being the same suit on which the execution against affiant now is proceeding illegally, was based in the following words, to wit: 'Due and legal service acknowledged; copy, process and all other and further service waived. This July 5, 1923.' Affiant says that said execution based upon said suit and the acknowledgment of service of copy and process signed by affiant was no waiver as to the jurisdiction of Gordon superior court over affiant; that at the time of said acknowledgment of service he was a resident and citizen of Floyd county, Georgia, and the superior court of Floyd county, Georgia, and the city court of Floyd county, Georgia, either or both had jurisdiction of both the subject-matter and the person of affiant, and that he has never waived jurisdiction in said suit. Affiant further says that said execution is proceeding illegally for the reason that at the time of said acknowledgment of service aforesaid the superior court of Gordon county, Georgia, had no jurisdiction over the person of affiant, and affiant did not waive jurisdiction nor did he appear in or defend said suit. Affiant says that said fi. fa. is proceeding illegally for the further reason that the suit on which said judgment was based was filed in the office of the clerk of the superior court of Gordon county, Georgia, on the 4th day of December, 1922, and process issued thereon, dated on said date, requiring affiant to be and appear at the next superior court to be held in and for Gordon county, Georgia, on the 4th Monday in February, 1923; that affiant did not acknowledge service of copy and process until the 5th day of July, 1923; that no service was had on affiant, neither did he acknowledge service of copy of process in time for said suit to be returnable to the February, 1923, term of Gordon superior court; that no order of the court was taken, making the May term, 1923, the next succeeding term of said court, the return term of said suit; that preceding the February nor May terms, 1923, of superior court of Gordon county, Georgia,

was affiant served in any way with copy of suit and process, nor did he waive same in any manner provided by law, and there being no service or acknowledgment thereof as provided by law, and within the time provided by law, at the February term, 1923, and there being no order extending the time of service to the May term, 1923, or any subsequent term of said court, that any judgment based upon said suit at any term of court subsequent to February term, 1923, was null and void, and the execution issued thereon and thereunder was issued and is proceeding illegally for said reasons.

"Affiant says said execution issued and is proceeding illegally for the further reason that the acknowledgment of service of copy and process signed by affiant on July 5, 1923, while said suit at said time, in the absence of proper orders of the court, was null and void, at most, even if said suit had been originally brought to the August term, 1923, of said court, and service acknowledged within the time provided by law, the August term, 1923, of said court was and would have been return term of said suit, and the November term, 1923, of said court would have been and was the first term after the August term, 1923, when judgment might have been taken against affiant, whereas judgment in said case was entered up and signed on the 27th day of August, 1923, by M. C. Tarver, judge of said court, being the first term of said court after acknowledgment of service by affiant, and for that reason said judgment issued thereon and the fi. fa. thereupon issued, based upon said judgment, were null and void, issued illegally, and is proceeding illegally."

On September 12, 1927, the court dismissed the affidavit of illegality by an order as follows: "Upon motion within affidavit is dismissed, it appearing defendant acknowledged service on February 5, 1923."

The following statement was made by the judge in a note to the bill of exceptions: "F. A. Cantrell, attorney for Moses Keys, upon examination of original suit and J. R. Bolton's acknowledgment thereon by court, stated in his place that he wrote the acknowledgment and it was February 5, 1923, and, although not before court's eyes at time, the writ record of court discloses that the acknowledgment was recorded in superior court clerk's office on February 5, 1923. Also issue docket discloses that case was marked in default May 5, 1923."

In passing upon the ground of the affidavit of illegality dealt with in headnotes 1 and 2 it would have been necessary to determine the date of the acknowledgment of service, the affiant contending that the date was July 5, 1923, and the plaintiff in fi. fa. contending that it was February 5, 1923.

The court could not properly take judicial cognizance of the pleadings in the original case. In the case as made by the affidavit of illegality such pleadings could only be considered as evidence, and could not even be considered as evidence until duly introduced and admitted as such. If the date of the entry is uncertain because of illegibility of the handwriting, this would constitute an ambiguity, and make a jury question. Civil Code (1910), §§ 4268 (1), 5789; *Central Railroad &c. Co.* v. *Georgia Fruit &c. Exchange,* 91 *Ga.* 389 (2) (17 S. E. 904); *Doctor Shoop &c. Co.* v. *Clifford,* 11 *Ga. App.* 491 (75 S. E. 822); *Novelty Hat Mfg. Co.* v. *Wiseberg,* 126 *Ga.* 800 (55 S. E. 923); *Ferrell* v. *Hurst,* 68 *Ga.* 132; *Hicks* v. *Ivey,* 99 *Ga.* 648 (26 S. E. 68).

Under the rulings set forth in headnotes 1 and 2, the affidavit of illegality was good upon its face, and the issue, even in case of a traverse, should have been tried before a jury,—subject, of course, to the power of the court to direct a verdict provided the evidence demanded a finding in favor of either of the parties.

In the opinion of this court, as indicated in the headnotes, the affidavit of illegality contained a further ground that was good. In the grounds of the affidavit of illegality, considered in headnotes 3 and 4, it would be immaterial whether the true date of the acknowledgment of service was February 5, 1923, or July 5, 1923. If the defendant, after the filing of the petition and before the entry of service, changed his residence to another county, the court thereby lost jurisdiction of his person, and such jurisdiction was not revived merely by the acknowledgment of service. It follows that if the allegations of the affidavit of illegality as to the want of jurisdiction because of the defendant's removal from the county be true as made, the judgment ultimately rendered in the case would be void even though the acknowledgment of service was dated February 5, 1923, as stated by the court in the judgment dismissing the affidavit of illegality.

It is unnecessary to add more to what is said in the headnotes.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*