19713.   WALTON *v.* HINES *et al.*

DECIDED JANUARY 23, 1930.

*Meriwether F. Adams,* for plaintiff in error.
*Hines & Carpenter,* contra.

JENKINS, P. J.   The plaintiff, on July 24, 1928, sued out a purchase-money attachment returnable to the September term of the superior court, convening on the third Monday in September, and, after the levy and after a bond to replevy the property had been given by the defendant, on August 11, 1928, gave to the defendant written notice of intention to file a declaration in attachment at the return term, and of intention to seek judgment for attorney's fees.   In the declaration this notice was set up as a compliance with the statute authorizing the recovery of attorney's fees, as provided by the purchase-money note sued on.   No notice was given prior to the issuance of the attachment, but the notice given was more than ten days prior to the filing of the declaration on the return day for the September term.   At the trial term the defendant moved to strike the portion of the declaration in which the recovery of attorney's fees was sought, and this motion was denied by the court and judgment was entered against the defendant and the sureties on his replevy bond for the principal of the note, and interest and attorney's fees.   The sole question is, was the notice given ten days before suit, as required by the provisions of code-section 4252 relative to the collection of attorney's fees.

An obligation to pay attorney's fees upon a note or other evidence of indebtedness can not be enforced unless the holder of the obligation notifies the defendant in writing, ten days before suit, of his intention to bring the suit, and of the term of court to which the suit will be brought, and unless the debtor shall fail to pay said debt on or before the return day of the term specified by the notice. Civil Code (1910), § 4252. In *Watters v. O'Neill,* 151 *Ga.* 680 (108 S. E. 35), it was held that the statutes prescribing the procedure in attachment suits make provision for "a return day" within the meaning of the code-section cited above, and that such agreements for the collection of attorney's fees may be enforced in attachment suits under "conditions specified in the statute." Since the statute specifies that the notice must be given ten days before suit is brought, and since a suit by attachment is commenced by the levy of the attachment (*Baker* v. *Aultman,* 107 *Ga.* 339, 341, 33 S. E. 423, 73 Am. St. R. 132; *Fincher* v. *Stanley Electric Mfg. Co.,* 127 *Ga.* 362, 364, 56 S. E. 440; *Calinet* v. *Hare,* 37 *Ga. App.* 167, 168, 139 S. E. 115), it follows that the notice of attorney's fees given subsequent to the levy, and, therefore, not "ten days before the suit is brought" fails to comply with the requirements of the statute. The *O'Neill* case does not purport to deal with what constitutes a compliance with "the conditions specified in the statute," and in point of fact the record in the case in which the question was certified to the Supreme Court by this court discloses that the notice was in fact given ten days prior to the levy on land under the attachment proceeding. A similar situation is indicated in the case of *Bailey* v. *Kennett,* 32 *Ga. App.* 255 (1 *b*) (122 S. E. 804), also cited by counsel for defendant in error. While it is true that the requirements indicated above might forestall and render unavailing an effort to collect attorney's fees in many cases where collection of the obligation is sought by the process of attachment, just as, for another reason, a promise to pay attorney's fees can not be enforced in a proceeding to foreclose a chattel mortgage (*Davenport* v. *Richards,* 138 *Ga.* 611, 612 (75 S. E. 648), still the mandatory requirements of the statute must be given effect.

In the well-considered brief and argument of counsel for defendant in error the contention is made that a notice given subsequent to the levy, but ten days prior to the filing of the declara-

tion in attachment, meets the requirements of the statute, for the reason that the attachment itself, being purely a proceeding in rem, is dissolved upon the giving of the replevy bond; which converts the case into a proceeding in personam, the effect of counsel's argument being that since the attachment proceeding becomes functus officio with the giving of the replevy bond, the case, so far as the requirements for notice of attorney's fees is concerned, starts anew with the filing of the declaration, and that the notice given ten days prior to the filing of the declaration in attachment is sufficient. Counsel further cite authority to the effect that the proceeding in personam in a declaration in attachment does not rest upon the validity of the attachment, but can proceed against the defendant even though the attachment itself may be absolutely void. The principles of law thus presented, upon which counsel for defendant in error base their argument, have been well recognized by our courts, both the Supreme Court and this court. In *Cincinnati &c. Ry. Co.* v. *Pless, 3 Ga. App.* 400, 403 (60 S. E. 8), Judge Powell, speaking for this court, in an able discussion of the theory, purpose, and effect of an attachment proceeding, said: "Originally, at common law, all suits were begun by seizure of the defendant's person or property and the defendant appeared by giving bail. Now suits are for the most part begun by service of process; but in certain cases where it is inconvenient or impossible to serve common process, the law still recognizes the right to seize the property of the defendant for the purpose of compelling an appearance. The attachment is in such cases the process, and whenever the defendant obtains that for which process is designed, namely, notice of the pendency of the action, and, being so notified, appears in any manner which lawfully discloses to the court that he has the notice, the process is functus officio, its regularity and efficiency are no longer in question, and the court, having the person of the defendant before it, proceeds to trial and to judgment as in actions begun in the ordinary form. The dismissal of the attachment does not operate to dismiss the suit, but the plaintiff may proceed upon his declaration for a common-law judgment. The giving of a replevy bond is a judicial admission of notice, equivalent in effect to acknowledgment or waiver of personal service. If the attachment is for any reason subject to dismissal, the lien acquired by the levy falls and the surety on the replevy bond is discharged;

but the attachment, whether good or bad, brings the defendant into court, if he is served with notice, or if he appears and defends, or if he replevies the property, and he remains in court, though the attachment be dismissed. Even after judgment the surety on the bond may complain that the attachment is void; but not the main defendant." The *Pless* case was cited approvingly by the Supreme Court, speaking through Mr. Justice Gilbert, in *Williamson* v. *Williamson,* 154 *Ga.* 788 (115 S. E. 805), in which it was held that where an attachment proceeding falls, a surety on the replevy bond is discharged, and that in such cases the giving of the replevy bond is not an appearance in the attachment case so as to make valid a judgment entered up on the bond against the sureties; that a judgment thereon against a surety is wholly void, and he may attack it by affidavit of illegality. The power of the court in such case to render a general judgment against the defendant in attachment, however, is not questioned by the ruling in the *Williamson* case. These excerpts from the cases quoted from are made for the purpose of showing that, while as against the main defendant an attachment proceeding becomes functus officio upon his giving a replevy bond, the proceeding has been rightfully held to commence with the levy of the attachment, as indicated by the authorities cited above. Thus, just as in ordinary suits the entry by the clerk of the filing of the petition in his office is considered the commencement of the action (Civil Code of 1910, § 5551), and the service of the process issued thereon brings the defendant into court, so the levy of an attachment upon the property of a defendant is the commencement of a suit in attachment, and the giving of a replevy bond to dissolve the attachment is equivalent to the service of a process upon the defendant so as to bring him before the court in order that a judgment in personam may be rendered against him. The fact, however, that after the giving of the replevy bond the attachment has no longer a function to perform does not mean that it never had one, or that the function already performed was not necessary to the action and did not constitute the commencement thereof. The effort in the instant case to bind the sureties on the bond for attorney's fees is necessarily based upon the validity of the attachment proceeding, and it can not, therefore, be said that the proceeding did not commence with the levy of the attachment. It follows, therefore, that if the attachment

proceeding is the means by which the parties are brought before the court, and the liability of a surety on the replevy bond is dependent upon the validity of that proceeding, it can not be said that the declaration in attachment was an entirely new suit, in no wise dependent upon the prior proceeding in attachment, but the action must be held to have commenced with the levy of the attachment, made prior to the giving of the notice for attorney's fees.

It does not lie within the province of courts to deal with the wisdom of statutes, and the purpose in the mind of the legislature is relevant only in so far as it might throw light upon the actual meaning of the statute itself. Accordingly, what the purpose of the legislature was in providing that before a provision for attorney's fees in an obligation could be enforced, notice must be given the defendant ten days before suit, it is unnecessary to consider, since the provision itself is plain, unambiguous, and mandatory; but it might be suggested that the purpose of the legislative body was that before an obligation for attorney's fees, somewhat in the nature of a penalty, could be enforced, the defendant must be given notice that he is about to be sued, so that he might avoid both the expense of attorney's fees and the trouble, inconvenience, and costs of litigation itself. Such a purpose could not be served by the giving of a notice after resort to legal proceedings and after costs had already accrued.

The court erred in overruling the motion to strike from the declaration the allegation and prayer for attorney's fees, and the judgment against the defendant and the sureties on his bond, which was otherwise demanded, must be affirmed with direction that the amount of the attorney's fees be written therefrom.

*Judgment affirmed, with direction. Stephens and Bell, JJ., concur.*