### 20386. IVEY *v.* KERCE.

JENKINS, P. J.   1. It is the general rule that a defendant in fi. fa. can not go behind the judgment by an affidavit of illegality, where he has been properly served or has made actual appearance.   Civil Code (1910), § 5311. But where the judgment is not merely voidable, but wholly void, as where the court was entirely and under all circumstances without jurisdiction, affidavit of illegality is always a proper mode of attacking an execution issued on the judgment so obtained.   *Harrell* v. *Davis Wagon Co.,* 140 *Ga.* 127 (78 S. E. 713); *Williamson* v. *Williamson,* 154 *Ga.* 788 (115 S. E. 805); *Cochran* v. *Whitworth,* 21 *Ga. App.* 406 (2) (94 S. E. 609).

2. Under the law relating to purchase-money attachments, as amended by the act of the General Assembly approved November 11, 1889 (Ga. L. 1889, p. 75), such an attachment may issue when the debtor is in possession of some portion of the property, "or has sold and is not in possession of a part of the property and has not been paid for the same." Civil Code (1910), § 5084.   Prior to the passage of that act, under the rule announced in *Reid* v. *Tucker,* 56 *Ga.* 278, an attachment for purchase-money could not be levied on property other than that described in the affidavit.   By that act it was also provided that a summons of garnishment might issue requiring any third person, who may have purchased from the defendant any portion of the same property which the plaintiff sold to the defendant, to answer what he might owe the defendant for any part of the property described in the plaintiff's affidavit.   Civil Code (1910), § 5085.   In the instant case the purchase-money attachment is based upon an affidavit which alleges that the property sold by the plaintiff to the defendant still remained in the hands of the defendant, but this does not necessarily mean that the defendant in possession had not parted with title to a third person. While it is true that the gist of the remedy provided by the purchase-money attachment is the subjection of the property to the purchase-money debt, or, in case the property has been sold by the original purchaser, the subjection of any purchase-money thus due the defendant to the payment of the debt owing the original vendor, since a levy by attachment against the original purchaser as defendant could not divest the title of a third person, previously acquired from the defendant, even though the defendant might remain in possession of the property, it follows that the plaintiff is not limited to the remedy of a levy on the property thus continued to be held by the defendant, but may exercise his right to the issuance of a summons of garnishment requiring a person purchasing from the defendant to answer for any purchase-money of the property described in the attachment affidavit, owing by him to the defendant in attachment.   Accordingly, whatever, under the facts of the instant case, might have been the defense of the garnishee to the process of

garnishment, it can not be said as a matter of law that the summons of garnishment, based upon the purchase-money attachment, was void for the reason that the pleadings themselves disclose the lack of a legal basis for its issuance; and consequently the court to which the summons was returnable acquired jurisdiction of the person of the garnishee, and the judgment rendered by default against the garnishee failing to answer the summons, not being void, can not be attacked by affidavit of illegality. The court did not err in so holding.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 12, 1930.

*C. E. Parrish,* for plaintiff in error. *J. P. Tomlinson,* contra.