20889. GILHAM ELECTRIC COMPANY *v.* DANIEL *et al.*

DECIDED AUGUST 29, 1931.

*H. L. Lanham,* for plaintiff.
*Wright & Covington, Joseph M. Clark Jr., Hendrix & Buchanan, Harry S. McCowen,* for defendants.

JENKINS, P. J. Under the law governing garnishments in this State, such a proceeding can be instituted where a suit is pending or judgment has been obtained (Civil Code (1910), § 5265), where ordinary attachments are pending (Civil Code, § 5094), and where purchase-money attachments are issued (Civil Code, § 5086); but under the provisions of the last-named section, and under the rulings of the Supreme Court and of this court, an attachment for purchase-money under the Civil Code, § 5086, can not be levied by garnishment except for the proceeds of all or some portion of the property described in the affidavit. *Reid* v. *Tucker,* 56 *Ga.* 278; *Ivey* v. *Kerce,* 42 *Ga. App.* 336 (156 S. E. 239). The question here is, where a purchase-money attachment has been levied, not by garnishment but on the particular property, can a general garnishment issue under § 5265, as under a suit pending. The scope of a garnishment in aid of a suit, supported by and founded thereon, should not extend beyond the scope and limits of the suit itself. After the levy of a purchase-money attachment, unless and until a declaration is filed asking for a general judgment, thus converting the proceeding into a common-law action, it is in the nature of a proceeding in rem, since nothing can be recovered except the proceeds of the property itself. The plaintiff in attachment may or may not choose to thus convert the proceeding into a common-law action by giving the notice prescribed by the Civil Code (1910), § 5103, and asking by his declaration for a general judgment. Until and unless he does, his relief is confined to the narrow limits afforded by the property itself. It is true that when the plaintiff in attachment subsequently files his declaration asking a judgment, general in its nature if the notice by the plaintiff or bond by the defendant has been given, or special if not given, the suit is deemed to have commenced as of the date of the levy, and any special lien set up by the judgment relates back to the date of the levy. *Baker* v. *Aultman,* 107 *Ga.* 339 (33 S. E. 423, 73 Am. St. R. 132); *Walters* v. *O'Neill,* 151 *Ga.* 680 (108 S. E. 35). In such a sense a suit is pending from the time the levy is made, but, as already pointed out, the action is strictly limited in scope, seeking merely to condemn the particular property, unless and until the plaintiff shall subsequently elect, after notice given, to enlarge the scope of the proceeding by converting it into a common-law action. In the instant case, at the time the garnishment was issued

and served, the pending purchase-money attachment suit, proceeding in rem, was not broad enough to sustain and support an ordinary garnishment seeking to subject funds in no wise connected with the particular property which the pending suit was then seeking to condemn. The ruling here announced does not conflict in principle with the recent ruling by this court in *Walton* v. *Hines,* 40 *Ga. App.* 757 (151 S. E. 558). There it was held that the giving of the notice for attorney's fees, after the levy of such an attachment, but ten days prior to the filing of the declaration, did not authorize a judgment for attorney's fees against the sureties on the replevy bond, for the reason that the suit must be taken to have commenced upon the levy of the attachment. In the opinion it was said: "The fact, however, that after the giving of the replevy bond the attachment has no longer a function to perform does not mean that it never had one, or that the function already performed was not necessary to the action and did not constitute the commencement thereof. The effort to bind the sureties on the bond for attorney's fees is necessarily based upon the validity of the attachment proceeding, and it can not, therefore, be said that the proceeding did not commence with the levy of the attachment. It follows, therefore, that if the attachment proceeding is the means by which the parties are brought before the court, and the liability of a surety on the replevy bond is dependent upon the validity of that proceeding, it can not be said that the declaration in attachment was an entirely new suit, in no wise dependent upon the prior proceeding in attachment, but the action must be held to have commenced with the levy of the attachment, made prior to the giving of the notice for attorney's fees." It is true that the language of the headnote in that case is broader than the facts of the case demanded, and is not limited to a proceeding for attorney's fees against the sureties on a replevy bond given under a valid attachment proceeding. But even as against the defendant himself, it would seem that the rule would be the same and that the levy of even a void attachment is the commencement of the subsequent suit in personam, when, in response to the plaintiff's notice given thereunder, the defendant comes in and makes a general appearance. See *McAndrew* v. *Irish-American Bank,* 117 *Ga.* 510 (43 S. E. 858); *Williams* v. *Flanders,* 35 *Ga. App.* 644 (134 S. E. 183). The principle governing the rule as to attorney's fees, as set

forth in the *Walton* case, does not seem pertinent to the question here involved. At last, about the only thing held in the *Walton* case was the familiar rule that the levy of the attachment constituted the beginning of the suit, and that consequently the subsequent notice for attorney's fees would not avail. It would not do to hold that after a suit has been commenced the liability thereon could be increased to the extent of attorney's fees by giving a subsequent notice. This would be contrary to the terms of the statute governing the recovery of attorney's fees. The instant case presents a different situation. The levy of the attachment here, as there, constituted the commencement of the suit, but pending the time that the suit thus commenced was enlarged in scope by being converted into an action in personam, it amounted to nothing more than an action in rem, and could not afford the basis or foundation, as a suit pending, for a general garnishment seeking a recovery of funds in no way connected with the particular property described in the attachment affidavit. The scope of the "suit pending" must embrace and include all that the garnishment founded thereon seeks to recover.

The court did not err in dismissing the garnishment proceeding. *Judgment affirmed. Bell, J., concurs. Stephens, J., dissents.*

STEPHENS, J., dissenting. The issuance of a garnishment upon a purchase-money attachment is nowhere expressly prohibited. In *Reid* v. *Tucker, 56 Ga.* 278, it seems to be assumed that process of garnishment can issue upon a purchase-money attachment. In that case a general indebtedness by the garnishee to the defendant was caught by the garnishment, and it was held that only the property described in the affidavit for attachment could be levied on by the garnishment.

Under the general law, as codified in section 5079 of the Civil Code of 1910 (Ga. L. 1855-56, pp. 25, 33), it is provided, with reference to attachments generally, that service of an attachment may be effected by process of garnishment. The act approved December 12, 1871 (Ga. L. 1871-72, p. 44), as codified in sections 5084-5086, which authorizes the issuance of attachments for purchase-money, is entitled an act to "amend the attachment laws of the State of Georgia, and to authorize the issuing of attachments where purchasers are in possession of property for which they have not paid." This act provides that an attachment for the purchase-

money may issue when the debtor is in possession of the property for the purchase of which the debt was created. This act is expressly an amendment to the attachment laws of the State, and it expressly provides, in section 4 thereof, "that so much of the statute law of Georgia as regulates the proceedings in relation to remedy by attachment, as is not in conflict with the provisions of this act, shall apply to and control proceedings under this act." It would seem, therefore, that the general law codified in section 5079 of the Civil Code of 1910, with reference to attachments generally, which provides for the service of an attachment by process of garnishment, would, so far as applicable, apply to attachments for the purchase-money.

The act of 1871, as amended by acts approved October 16, 1879, and November 11, 1889 (Ga. L. 1878-79, p. 48; Ga. L. 1889, p. 75), codified in sections 5084 and 5086 of the Civil Code of 1910, provides that an attachment for purchase-money may issue also where the debtor is in possession of a part of the property, or has sold and is not in possession of a part of the property, which he purchased and has not paid for, and where the property purchased is in the possession of one holding it for the benefit of the debtor or in fraud of the creditor. The act of 1889, supra, expressly provides that process of garnishment may issue upon a purchase-money attachment, to require any person who has purchased from the defendant any part of the property for which the defendant has not paid to answer what he may owe the defendant for any part of the property described in the plaintiff's affidavit for attachment. This is the only provision anywhere expressly authorizing the issuance of a summons of garnishment upon a purchase-money attachment. Since the fact that the property sold and unpaid for is in possession of another, who holds it for the benefit of the debtor or in fraud against the creditor, is a ground for the issuance of a purchase-money attachment, it would seem that such property could be reached under such attachment only by a garnishment served upon the person having possession of the property. Attachments are issued, not against the person in possession of the property sought to be attached, but against the debtor who is the owner of the property. Were it otherwise, the statute with reference to serving attachments by garnishment would be futile, and the plaintiff in attachment could not, where the property sought to be at-

tached was in possession of some person other than his debtor, bring his debtor into court by attachment and obtain a general judgment against him.

It would seem, therefore, that a purchase-money attachment could be served by process of garnishment, to catch, not only, as expressly provided by the act of 1899, an indebtedness due by the garnishee to the defendant in attachment for a part of the property which the defendant may have sold to the garnishee, but to catch the property sold where it belongs to the defendant but is in the possession of the garnishee for the defendant's benefit or in fraud against the plaintiff.

While the statute provides that a summons of garnishment may issue upon a purchase-money attachment requiring a third person who purchased from the defendant in attachment any part of the property which the plaintiff had sold the defendant, to answer what the garnishee may owe the defendant in attachment for any part of the property described in the plaintiff's affidavit for attachment, there is nothing in the statutes with reference to the issuance of summons of garnishment upon attachments generally which requires, in the summons of garnishment, a description of the property sought to be attached. If the general law with reference to levying an attachment by summons of garnishment applies to purchase-money attachments, it is not necessary, for the purpose of catching, by a garnishment issued upon the purchase-money attachment, the property while in the possession of a third person for the defendant's benefit, or in fraud against the plaintiff, that the specific property sought to be caught should be described in the summons of garnishment.

It would seem, therefore, that a summons of garnishment requiring the garnishee to answer generally as to his indebtedness to the defendant or as to his possession of money, property, or effects of the defendant, which is issued upon a purchase-money attachment, is not invalid. The garnishment could catch only property of the defendant in the possession of the garnishee which the plaintiff had sold to the defendant. All other property in the possession of the garnishee belonging to the defendant, or indebtedness by the garnishee to the defendant other than for the property, would be exempt from the process of garnishment. It would seem that the process of garnishment was legally sued out, and that the

exemption should be set up by the defendant or the garnishee as in other cases where property caught by garnishment is exempt.

In the case at bar not all the property mentioned in the affidavit for attachment for the purchase-money was levied upon by the officer who levied the attachment. It appears from the officer's levy that only a portion of this property was levied upon. The summons of garnishment, therefore, served upon the garnishee, although general in its terms and not specifically directed to the property which the plaintiff sold to the defendant, could nevertheless catch in the garnishee's possession any of such property which the garnishee may have in his possession belonging to the defendant.

I am therefore of the opinion that the process of garnishment properly issued on the purchase-money attachment, and that the court erred in dismissing the garnishment.

The summons of garnishment does not appear in this record. So far as the record discloses, the summons does not fail to describe the property.