### 21666. RHODES v. SOUTHERN FLOUR AND GRAIN COMPANY.

BELL, J. 1. If the defendant has had his day in court, he can not go behind the judgment by an affidavit of illegality. This rule, however, presupposes an apparently valid service upon a suit which indicates that with service the court has jurisdiction of the defendant's person. In such a case the defendant can not attack the judgment by affidavit of illegality, even though because of his residence in another county he should not have been sued in the county where the action was brought. Civil Code (1910), § 5311; *Sanford* v. *Bates*, 99 *Ga.* 145 (2) (25 S. E. 35); *McKnight* v. *Wilson*, 158 *Ga.* 153 (3) (122 S. E. 702); *Owen* v. *Federal Land Bank*, 37 *Ga. App.* 394 (140 S. E. 425); *Mason* v. *Stevens Warehouse Co.*, 43 *Ga. App.* 375 (3) (158 S. E. 631).

2. But the rule stated has no application where it appears from the record that even with actual service the court would have no jurisdiction of the defendant. In the latter case the service goes for nought, and upon such service alone it can not be said that the defendant has had his day in court. *Maund* v. *Keating*, 55 *Ga.* 396; *Bolton* v. *Keys*, 38 *Ga. App.* 573 (144 S. E. 406), and cit.

3. Where a suit was brought against three separate defendants, alleging their residence in three separate counties, and second originals were served upon the two nonresident defendants, and where the resident defendant filed a plea, not upon a *subsequent* discharge as in *McKibben* v. *Fourth National Bank*, 32 *Ga. App.* 222 (6) (122 S. E. 891), but denying that he was ever liable to the plaintiff in any sum, upon which plea the jury found a verdict in his favor, the court could not proceed to judgment against the two nonresident defendants merely because they had been served with second originals and had failed to file a defense. In such a case it is apparent from the face of the record that the court is without jurisdiction to render judgment against the nonresident defendants, and a judgment so rendered, though by default, is absolutely void and may be attacked by affidavit of illegality. *Warren* v. *Rushing*, 144 *Ga.* 612 (87 S. E. 775); *Jackson* v. *Hitchcock*, 48 *Ga.* 491 (2); *Keaton* v. *Moore*, 59 *Ga.* 554; *Planters Bank* v. *Berry*, 91 *Ga.* 264 (18 S. E. 137); *Harrell* v. *Davis Wagon Co.*, 140 *Ga.* 127 (78 S. E. 713); *Williamson* v. *Williamson*, 154 *Ga.* 788 (115 S. E. 805); *Grand Lodge* v. *Massey*, 35 *Ga. App.* 140 (5) (132 S. E. 270); *Christian* v. *Terry*, 36

·*Ga. App.* 815 (138 S. E. 244); *Davis* v. *Vickers*, 41 *Ga. App.* 818 (7) (155 S. E. 92); *Ivey* v. *Kerce*, 42 *Ga. App.* 336 (156 S. E. 239).

4. Although the jurisdiction of the nonresident defendants sufficiently appeared at the time the suit was filed, the verdict in favor of the resident defendant established upon the record that there was no jurisdiction in fact, and that the suit was not maintainable against the nonresident defendants. *Central of Georgia Ry. Co.* v. *Brown*, 113 *Ga.* 414 (3) (38 S. E. 989, 84 Am. St. R. 250).

5. Even if an affidavit of illegality may in any case be aided by a traverse of the entry of service, a traverse was not necessary in the present case, since the verdict finally rendered in favor of the resident defendant established the record that the court was in fact without jurisdiction of of the nonresident defendants, so that the entry of service, at first apparently valid, proved to be abortive, and really amounted to no service at all.

6. The court erred in not sustaining the affidavit of illegality and ordering the levy to be dismissed.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 20, 1932.

*J. P. Brooke,* for plaintiff in error.
· *W. N. Oliver, J. D. Stewart,* contra.