29600. OGLESBY & OGLESBY *v.* AARON.

DECIDED JUNE 19, 1942.

468

*Aiken & Preston, W. G. Neville,* for plaintiffs in error.
*Hinton Booth,* contra.

FELTON, J. 1. The provision in the act of the General Assembly creating the city court of Statesboro, "In suits returnable to the monthly term defense must be made as such defenses are required to be made in the superior courts of this State, upon the first day of the term to which they are made returnable," does not include defenses to attachments and declarations filed thereon. Ga. L. 1903, pp. 153, 162, § 38; *Fincher* v. *Stanley Electric Manufacturing Co.,* 127 *Ga.* 362 (56 S. E. 440); *Harrison* v. *Wilson Lumber Co.,* 119 *Ga.* 6 (45 S. E. 730).

2. Said act provides (§ 13) : "In all matters pertaining to service, pleadings and practice, the laws governing the superior courts, where not inconsistent with this act, and unless specially provided by this act, shall be applicable to said city court." There is no provision in the act creating the city court of Statesboro regulating the pleading and practice in attachment cases other than that which obtains in superior courts, and the law relating to such in the superior courts prevails in the city court of Statesboro. The Code, § 8-603, provides: "The defendant may appear by himself or attorney at law, and make his defense at any time before final judgment is rendered against him." Code § 8-601 provides: "When the attachment has been returned to the proper court, the subsequent proceedings shall be in all respects the same as in cases where there is personal service; and when the attachment is returnable to the superior or county court, the plaintiff shall file his declaration at the first term." The reference to a "first term" implies that no judgment can be taken before the second or trial term. § 81-1003 is the only provision for judgments at the first term in superior courts. An attachment proceeding may not be marked in default. *Fort-Mims & Haynes Co.* v. *Branan-Akers Co.,* 140 *Ga.* 131 (78 S. E. 721).

One observation will remove all doubt as to the correctness of our conclusion. The act creating the city court of Statesboro does not provide when a declaration in attachment shall be filed except by reference to superior court practice. In the absence of such a provision § 8-601 governs, and it requires that a declaration in at-

tachment shall be filed at the first term. "At the first term" means at any time during the term, and not the first day of the term. Therefore, if the contention is correct that a defendant in attachment in said city court should file his defense on the first day of the return term or be in default, in a case where a plaintiff in attachment filed a declaration after the first day of a return term the defendant would be in the position of being in default before the filing of the plaintiff's cause of action, which situation was of course never intended; and if it were intended, it would violate the fundamental principle that no person's rights can be adjudicated without giving him the opportunity to be heard. The possibility of such a result renders untenable the construction of the act by the defendant in error.

3. Accordingly, where a declaration in attachment was filed in the city court of Statesboro on January 9, 1942, and court convened the January term on January 12, 1942, and judgment was rendered on the declaration on January 13, 1942, it was error to overrule a motion to set aside the judgment on the ground that it was prematurely rendered.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*